[No. 13067.    Department Two. — February 25, 1890.]

## POSE EATON, RESPONDENT, *v.* JOHN B. RICHERI, APPELLANT.

MEANING OF WORD "SOLD." — The word "sold" does not necessarily mean that a conveyance must be made or that the title must pass.

ID. — INSTANCE. — Where labor in a mine was to be paid for when the mine was sold, or a sufficient sum was realized from it to pay the plaintiff, the sum became due when an agreement to sell was made, and more than sufficient to pay plaintiff was paid on account.

ID. — MATURITY OF OBLIGATION — EVENT. — The maturity of an obligation may be fixed by an event, as by the sale of a mine, whether the defendant was the owner of the mine or not.

ID. — ESTOPPEL. — If the contract means that the defendant was the owner of the mine, he will not be allowed to deny the fact in an action for the services.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The facts are stated in the opinion.

*F. W. Street,* for Appellant.

*F. P. Otis,* and *F. D. & G. W. Nicol,* for Respondent.

HAYNE, C. — This was an action to recover for services rendered.  The trial court gave judgment for the plaintiff, and the defendant appeals.

It is admitted by the pleadings that the defendant

agreed to pay plaintiff at the rate of three dollars a day, such payment to be made in provisions and supplies, "and for any balance that might be due plaintiff, plaintiff was to wait until the mining property aforesaid was sold, or until a sum sufficient to pay plaintiff said balance was realized from said mine." If the contract stated in the findings is any different from the foregoing, it is to be disregarded, and the one admitted by the pleadings is to govern.

The plaintiff rendered services during a long period, and only a portion of the price was paid, leaving a balance of $1,490.05. After the services had ceased, a contract of sale was made of the mine for fifteen thousand dollars, which contract was signed by the defendant, and the sum of five thousand dollars was paid on account.

We think that the time of payment specified in the contract had arrived when the action was brought. The word "sold" does not necessarily, and in all connections, mean that a conveyance must be made, or that the title must pass. (See, generally, *Blackwood* v. *Cutting Packing Co.*, 76 Cal. 218.) And we think that it does not have such meaning in the contract above stated. In our opinion, the time of payment arrived when the contract to sell was made and the five thousand dollars paid on account of the purchase-money.

It is argued, however, that the defendant was not the owner of the mine, and did not receive any of the purchase-money paid. But there is no merit in this contention. If defendant's contract is to be construed as meaning that he was the owner, he will not be allowed to contradict such statement for the purpose of evading payment. If, however, the contract is not to be construed as meaning that he was the owner, then the fact that he was not the owner is immaterial. Parties may adopt any event as fixing the time for their obligations to mature, just as they may fix a date therefor. In this view, the contract simply means that the money was to be paid

when the owner, whoever he was, sold the mine, etc. No other point is made.

We therefore advise that the judgment and order denying a new trial be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed.