87  461
92  85

[No. 13735.  Department One. — January 13, 1891.]

# JOHN  PETTINGER, RESPONDENT,  *v.*  SALATHEIL FAST, APPELLANT.

VENDOR AND PURCHASER— SHARING PROFITS OF RESALE. — A contract for the sale of a farm for a specified sum, and one half of the excess above that sum for which the farm can be resold, does not require an actual resale in order to fix liability for one half of the profits which might be realized by accepting any *bona fide* offer.

ID. — RESALE FOR ADVANCE — AGREEMENT TO RESELL. — If an actual resale of the farm for an advance is alleged in the complaint in an action to recover one half of the excess, such allegation is sufficiently sustained by proof of an agreement of the vendee to resell the farm for an advance, though no money was paid upon the contract of resale.

ID. — AMOUNT OF RESALE — VARIANCE. — If the complaint alleges a resale of the farm for a specified amount, and the proof shows a resale for two thousand dollars less than the amount alleged, with a reservation of standing timber of the value of two thousand dollars, the proof is at variance with the allegation of the complaint, and a finding that the amount of resale is as alleged is not sustained by the evidence.

ID. — RIGHTS OF VENDOR— RECOVERY FOR TIMBER RESERVED — PLEADING. — The vendor's right to recover upon the contract for one half the excess for which the farm can be resold is not limited to the sum agreed to be paid, in case of a resale by the vendee with reservation of timber; but the vendor may recover, in addition to one half the excess in price paid for the farm, one half the market value of the timber reserved, or one half of the net sum for which it may be sold, at his option, though such recovery can only be justified by a complaint showing the facts as they really exist.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial.

The agreement on which the action is founded, in addition to the provisions recited in the opinion, contained a further provision, to the effect that the farm should not be resold for less than five thousand dollars. The further facts are stated in the opinion of the court.

*Putnam & Nichols*, for Appellant.

*W. P. Butcher*, and *B. F. Thomas*, for Respondent.

DE HAVEN, J.— Action to recover the sum of $1,950, alleged to be due plaintiff for the balance of the purchase

price of land conveyed by plaintiff to defendant. The court below gave plaintiff judgment for that sum, and also denied defendant's motion for a new trial, and the defendant appeals from such judgment and order.

The facts as found show that on November 17, 1886, plaintiff executed to appellant a deed of his farm, the appellant agreeing in writing to pay therefor the sum of four thousand 'dollars, and to give one half of all in excess of that sum which "the farm can be sold for within two years," such additional sum "to be also a part of the purchase price, when so sold for a larger sum." It is also found that on September 1, 1887, "appellant entered into an agreement in writing with one Ed. Culbert, whereby he sold to said Culbert the said parcels of land for the sum of eight thousand dollars."

The principal question to be determined on this appeal is, whether the finding of the court in relation to the sale of the land is justified by the evidence. It was shown upon the trial that on September 1, 1887, the appellant and one Culbert entered into an agreement in writing by which the appellant "promises and agrees to sell and convey unto the party of the second part (Culbert) and to make and execute and deliver to him a deed" of the land purchased by appellant from the plaintiff in this action, the said Culbert "to have and to hold all and singular said premises, together with all the tenements, hereditaments, and appurtenances thereunto belonging, . . . . except that portion of the timber thereon hereinafter mentioned and reserved unto the party of the first part." The agreement further recited that the appellant was to have all the timber on said land, "except that on the southern line of the mesa, adjoining the Rincon rancho, and on the east end of said mesa."

It is clear that, under appellant's agreement with respondent, an actual sale of the farm within the time limited was not indispensably necessary in order to establish as a fact the price for which it could have been sold, and

thus fix the liability of appellant thereunder. The appellant would not have been at liberty to reject any *bona fide* offer of purchase for a sum exceeding five thousand dollars, without the consent of the respondent. But the complaint alleges an actual sale to Culbert for the sum of eight thousand dollars, and the court so finds, and it is therefore necessary to consider whether such fact was established upon the trial.

The appellant insists that there was no sale to Culbert at all, but only an agreement to sell. But we are of opinion that such contention cannot be sustained. In the case of *Eaton* v. *Richeri*, 83 Cal. 185, the plaintiff therein was to wait for any balance that might be due him until certain mining property was sold and an executory contract for the sale of the mine was made, and the court held that the plaintiff could recover, saying: " The word ' sold ' does not necessarily and in all connections mean that a conveyance must be made or that the title must pass."

The fact that no money was received by appellant on the contract is immaterial. The transaction was none the less a sale, and by it the equitable title of the property sold passed to Culbert. But in one respect the evidence does not sustain the finding of the court as to this sale. The written agreement of sale contained a reservation of standing timber, and we think, notwithstanding some confusion in the evidence, that the real transaction between appellant and Culbert was a sale of the farm for the sum of six thousand dollars, and the appellant reserving the growing timber thereon, as specified in the contract of sale. The fact that this timber may have been estimated by both appellant and Culbert as of the value of two thousand dollars, or that appellant's price for the land with timber standing was eight thousand dollars, and with a reservation of such timber, six thousand dollars, cannot change the terms of the actual sale as made to appear by the written con-

tract of sale.  By that contract, as we have said, the farm was sold for the sum of six thousand dollars, the appellant reserving as an interest therein the standing timber referred to; and proof of such a contract is at variance with the contract alleged in the complaint and found by the court; and the finding that the farm was sold for the sum of eight thousand dollars is not sustained by the evidence.

Undoubtedly, the respondent's right to recover on his contract is not limited to the sum agreed to be paid by Culbert; but if he seeks to recover more, it must be upon a complaint which shows the facts as they really exist. Upon the execution of the contract of sale, appellant disabled himself from thereafter accepting any *bona fide* offer for the farm, and the respondent became entitled to recover, not only upon the basis of the price agreed to be paid by Culbert, but in addition thereto, one half of the market value of the standing timber reserved, or at his option, one half of the net sum for which such timber may have been sold by appellant.

Judgment and order reversed.

Paterson, J., and Garoutte, J., concurred

Hearing in Bank denied.