7   487
13  501

# WILLIAM LITER, RESPONDENT, *v.* OZOKERITE MINING COMPANY, APPELLANT.

CORPORATIONS.—CORPORATE EXISTENCE.—ESTOPPEL.—In a suit by an employé against a foreign corporation for services performed, where it appears that certain articles of incorporation with a certificate of incorporation from the Secretary of State of New York, and also a certificate designating a certain person as agent in the Territory of Utah, were filed in the office of Secretary of Utah, and that the corporation had employed the respondent to work for it and paid him for part of his services; *held,* that the defendant, being a corporation *de facto,* would not be permitted, as to persons who had in good faith dealt with it as a corporation, to deny its corporate existence.

ID.—EVIDENCE.—ADMISSIONS OF AGENT.—Where K. had testified that he was the agent of the corporation, letters addressed by K. to the respondent are competent to show the employment of the respondent by the corporation.

ID.—ID.—PRESIDENT OF CORPORATION.—Where a corporation has held a certain person out as its president and agent, his letters are competent evidence against the corporation, and the corporation will not be heard to deny that he had no authority to act for it.

APPEAL from a judgment of the district court of the first district, and from an order refusing a new trial. The abstract in this case did not show that any motion for a new trial had been made, nor any statement or bill of exceptions ever settled, or that any exception to the charge of the court had been taken, or that the evidence included in the alleged abstract was all the evidence in the case, nor that any appeal had been taken from anything. But the respondent in his brief made no objection to the abstract.

One of the errors relied upon by the appellant was a remark made by the trial judge in the hearing of the jury in making a ruling. Counsel for plaintiff asked a postponement until he could receive certified copies of articles from Salt Lake City. Counsel for the defendant objected and said: "Counsel was too willing to proceed with the case when he knew my witnesses could not be here." Whereupon the court, in the presence of the jury, stated: "This kind of reflections is unjust to yourself and to the court. Your men have not seen fit to attend to their business, and you have no right to make any complaint." An exception was taken by the defendant. The remaining facts are found in the opinion.

*Messrs. King and Hontz,* and *Mr. George Sutherland,* for the appellant.

*Mr. M. M. Kellogg,* for the respondent.

ZANE, C. J.:

This action was brought, as alleged, to recover $950 compensation for labor performed by the plaintiff at the instance of the defendant. The plaintiff alleged in his complaint that the defendant was a corporation under the laws of the State of New York. This allegation the defendant denied. To prove it the court admitted in evidence a paper purporting to be a copy of the certificate of incorporation of the defendant, signed and duly acknowledged by Jacob Wallace, Hibbert B. Masters, and Charles H. Barkley, three of the five trustees mentioned therein. To these articles was attached the following certificate:

"STATE OF NEW YORK,  }
"Office of the Secretary of State,  } ss.

"I have compared the preceding with the original certificate of incorporation of Ozokerite Mining Company,

with acknowledgment thereto annexed, filed and recorded in this office on the 5th day of March, 1886; and do hereby certify the same to be a correct transcript therefrom, and of the whole of the said original.

"Witness my hand and seal of office of the Secretary of State at the city of Albany, this 30th day of November, one thousand eight hundred and eighty-six.

· "[SEAL.]     FREDERICK COOK,<br>"Secretary of State."

Also a certificate in writing, purporting to have been made by Jacob Wallace, president, and Charles H. Barkley, secretary, of the defendant, under its seal, designating the plaintiff, William H. Liter, as a person on whom to serve process against the defendant. The following certificate was also attached to the copy of the certificate of incorporation:

"TERRITORY OF UTAH, }
  "Secretary's Office,  } ss.

"I, Elijah Sells, Secretary of the Territory of Utah, do hereby certify that the foregoing is a full, true, and correct copy of the charter and certificate of incorporation of the Ozokerite Mining Company, a corporation organized under the laws of the State of New York, and the appointment of William H. Liter agent for said company to accept service in civil actions; said papers filed in this office December 5, 1886; as appears of record in my office. In testimony whereof I have hereunto set my hand and affixed the great seal of the Territory of Utah, this 13th day of November, A. D. 1890.

"[SEAL.]     ELIJAH SELLS,<br>"Secretary of Utah Territory."

Other acts, purporting to be by Jacob Wallace as president and Charles H. Barkley as secretary of the defendant, were proven.

Section 2293, 2 Comp. Laws 1888, provides that all corporations not organized under the laws of this Territory shall, within sixty days after commencing business therein, file with the Secretary of the Territory, certified copies of their articles and certificate of incorporation, and that they shall also, within sixty days after commencing business, designate some person residing in the county in which its principal place of business in the Territory is situated, upon whom process may be served, and shall file the same with such Secretary; that a copy of such designation duly certified by such Secretary shall be evidence of such appointment, and that service on such agent shall be deemed to be valid. The certificates of the Secretary of the State of New York and of the Territory of Utah are evidence that the certificate of incorporation of the defendant appears on the records of that State and this Territory. The certificate of the Secretary of the Territory is sufficient proof also of the appointment of the plaintiff as defendant's agent on whom to serve process. The officers of the defendant, by filing such certificates in the office of the Secretary of the State of New York and in the office of the Secretary of this Territory, and by designating the plaintiff as its agent, represented the defendant to be a corporation, and held it out to the public as such. It further appears from the transcript in this case that the plaintiff was employed by the defendant at $50 per month to look after its mine and other property, and that defendant paid plaintiff in part therefor, and that there is a balance due the latter for services so rendered to the amount found by the jury.

The defendant represented to the public and to the plaintiff that it was a corporation, and as such employed him. It will not be permitted to escape

liability upon the plea that it was not. "A person who has contracted with a corporation *de facto* claiming to have been incorporated under the laws of a foreign State cannot, after the contract has been performed on the part of the corporation, impeach the validity of the contract upon the grounds that the company was incorporated without legislative authority, and that the making of the contract involved an unauthorized exercise of corporate power." 2 Mor. Priv. Corp. § 756. And when individuals perform the acts and observe the forms required to create private corporations, and cause the evidence thereof to be placed on public records in pursuance of law, they will not be permitted to deny corporate existence when sued upon contracts entered into by such association as a corporation with persons acting in good faith upon such representations and appearances. The court permitted the plaintiff to introduce in evidence two letters addressed to him, and signed by the witness R. J. Kruger. This ruling of the court the defendant assigns as error. Kruger had testified that he was the agent of the defendant. Such letters were competent and relevant evidence to prove the employment of the plaintiff as alleged in his complaint.

The defendant also assigned as error the ruling of the court in admitting in evidence certain letters of one J. Wallace. From the certificate of incorporation Wallace appears to have been one of the incorporators of the defendant, and as president he designated the plaintiff as the defendant's agent on whom to serve process in Utah. The defendant held him out to the public as its president and agent, and will not be heard to deny his authority to act for it, as the evidence shows he did. Other errors alleged by the defendant have been carefully considered by the court, and held not to be well assigned. In con-

clusion we feel it to be our duty to say that the counsel for the appellant in making the abstract filed in this case did not comply with the rules of this court. The abstract in all cases should contain an impartial statement of so much of the transcript of the record as may be necessary to present fairly the points made by the exceptions relied upon, so that the court, without looking at the transcript, may decide the case. When the court is obliged to read the transcript, the examination of the abstract is a waste of time, and the court ought not to be bothered with it. An abstract of any pleading or order and of such evidence as may be pertinent to the points relied upon should be fairly made, and the substance intelligently stated. Rule 6 of this court must be complied with hereafter, or the appeal in such event will be dismissed in pursuance of Rule 8. The judgment of the court below is affirmed.

MINER, J., and ANDERSON, J., concurred.