[No. 13704.   Department One. — November 27, 1891.]

# SHAINWALD, BUCKBEE & CO., RESPONDENTS, *v.* M. K. CADY, APPELLANT.

BROKER'S COMMISSIONS — SALE OF REAL ESTATE BY OWNER — CONTRACT OF SALE — RESCISSION. — Where the owner of a tract of land entered into a written agreement with real estate agents, authorizing them to find a purchaser for the land, and stipulating that if the owner should himself make a sale of the property within the life of the agreement, the brokers would be allowed a commission upon the amount of the sale, a subsequent contract by the owner of the land, made within the life of the agreement, to sell the property to a third party for a fixed price at any time within a specified period, under the terms of which part of the purchase-money was received, and possession of the property given to the purchaser, and he was granted the privilege of selling any portion of it, constitutes a sale sufficient in law to create a liability in favor of the brokers under the agreement, although the purchaser afterward surrendered the contract and delivered up possession of the land.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*C. K. Bonestell,* for Appellant.

*J. T. Rogers,* for Respondents.

GAROUTTE, J. — This is an action by real estate brokers to recover commissions upon a sale of real estate.   Judgment in the lower court went for plaintiffs, and defendant appeals from that judgment and the order denying his motion for a new trial.   There are no briefs on file, and upon an examination of the record there appears to be but one assignment of error requiring our consideration.

In the written agreement given by appellant to respondents, authorizing them to find a purchaser for a certain tract of land, to wit, the town site of Agua Caliente, it was stipulated that if appellant himself made a sale of the property within the life of the agreement, the brokers were to be allowed two per cent commissions upon the amount of such sale, and the cause of action in this

case is based upon an alleged breach of that provision of the agreement, the brokers claiming that the appellant, Cady, made a sale of the property, while he insists that such is not the fact, and that the property has not been sold.

The trial court found that appellant sold the property to one George H. Maxwell for the sum of fifteen thousand dollars, and it is as to the sufficiency of the evidence to support this finding that our attention is specially directed. There is no conflict in the evidence upon this point, and it is as follows: Appellant, Cady, and his wife, Gail Cady, entered into a written contract with one George H. Maxwell, whereby they agreed to sell said Maxwell, at any time within one year from March 5, 1888, certain real estate (including the aforesaid town site), together with all the personal property now on said premises, free and clear of all encumbrances, for the purchase price of $30,000, "provided that said Maxwell shall pay to said M. K. Cady $1,000 on the delivery of these presents, and $1000 April 1, 1888, and $1,000 June 1, 1888, and shall pay to Ignatz Steinhart the interest accrued to March 1, 1888, amounting to $1,984 on mortgages held by said Steinhart on said property, the amount of all such payments to be deducted from said purchase price of $30,000; . . . . and said parties of the first part agree that said party of the second part may sell any portion of said land at any time during the term of this agreement, and that upon such sales being made, they will execute and deliver deeds," etc.; and it was further provided that all moneys received upon such sales should be first applied to the payment of certain mortgages, and that when such mortgages were paid, all further moneys received from such sales were to be applied as payments upon the balance of the purchase price; and it was further provided that Maxwell should have exclusive possession of the property, with the right to make alterations and improvements thereon, and that he should have an extension of the agreement for the further term of two years, by paying interest in advance upon

the purchase price, at the rate of ten per cent per annum, etc.    There are other provisions of this contract not necessary to notice.    It was signed by all parties, and under its provisions Maxwell took possession of the property, paid the three installments of one thousand dollars each upon the purchase price when due under the contract, paid the interest upon the Steinhart mortgages as provided, and, some months later, failed to make additional payments as demanded by the agreement, and thereupon surrendered the contract and possession of the property to appellant, Cady, who continues to hold the same.

By entering into this contract, appellant not only placed it beyond his power to transfer this property to any one save Maxwell for the period of three years, but absolutely placed it out of the power of respondents to make a sale of the property at all.    Appellant received five thousand dollars on the purchase price, gave up possession of the property, granted Maxwell the privilege of selling any portion of it, and therefore we think it can be fairly said, from the provisions of the contract and from the acts of the parties, that a sale was consummated, sufficient in law to create a liability in favor of respondents under their agreement.    In *Eaton* v. *Richeri*, 83 Cal. 185, the court said: "The word 'sold' does not necessarily and in all connections mean that a conveyance must be made, or that the title must pass." And in *Pettinger* v. *Fast*, 87 Cal. 463, the case of *Eaton* v. *Richeri*, 83 Cal. 185, was cited and approved, and speaking of a contract of sale, the court said: "The fact that no money was received by appellant on the contract is immaterial.    The transaction was none the less a sale, and by it the equitable title of the property sold passed to Culbert."

As to the consideration of the sale of the Agua Caliente town site, the evidence is conflicting, and the finding of the court will not be disturbed.

Let the judgment and order be affirmed.

HARRISON, J., and PATERSON, J., concurred.