## KILPATRICK-KOCH DRY-GOODS COMPANY, RESPONDENT, *v.* E. A. BOX, APPELLANT.

PLEADING—COMMON COUNT—STATUTE OF FRAUDS—EVIDENCE—ADMISSIONS—PROOF OF CORPORATE EXISTENCE.

1. The common count, "for goods sold," is defective, under the Code, where it does not state a delivery or a promise to pay.

2. Where the promise or agreement is alleged generally, the court will not assume upon demurrer that it was not in writing. In that case the burden is thrown on the defendant to allege that it was not in writing.

3. An original answer is competent to prove an admission by defendant.

4. Where defendant denies the corporate existence of plaintiff, the burden of proving such existence is imposed on the plaintiff, though the proof may be sufficient if it is shown that plaintiff is a corporation *de facto*.

(No. 708.   Decided June 23, 1896.   45 P. R. 629.)

Appeal from the district court of the Fourth judicial district, Territory of Utah.   Hon. H. W. Smith, *Judge.*

Action by the Kilpatrick-Koch Dry-Goods Company, against E. A. Box. Judgment for plaintiff, and defendant appeals. *Reversed.*

The plaintiff commenced this suit by filing the following complaint, duly entitled, signed, and verified: "Plaintiff complains and alleges that it is a corporation existing and doing business under and by virtue of the laws of Nebraska; that defendant is indebted to plaintiff in the sum of three hundred five and sixty-nine one-hundredths dollars, for goods sold him by it within 18 months immediately prior to filing hereof; that the same is past due, and no part thereof has been paid. Wherefore plaintiff demands judgment against defendant for $305.69, and legal interest from filing hereof." Defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant excepted. The defendant then filed the following answer, duly entitled, signed, and verified: "The defendant, answering the complaint, says that he has no knowledge, information, or belief sufficient to enable him to answer plaintiff's allegation in said complaint that it is a corporation organized, existing, and doing business under and by virtue of the laws of Nebraska, and therefore denies the same; denies that he is indebted to plaintiff in the sum of $305.69, as alleged, for goods sold him, or for any other cause, or at all, or in any sum greater than $272.06, the payment of which sum has been made. Wherefore defendant prays to be hence dismissed, with his costs expended in this behalf."

And afterwards, upon leave of court, defendant filed the following amended answer, properly entitled, signed, and verified: "Now comes the defendant herein, and, leave of court being first had and obtained, files this

amended answer, and alleges that he has no kwonledge, information, or belief sufficient to enable him to answer the allegation in plaintiff's complaint that it is a corporation organized, existing, and doing business under and by virtue of the laws of Nebraska, and therefore denies the same; denies that defendant is indebted to the plaintiff in the sum of $305.69, as alleged, or any other sum, or at all, for goods sold as alleged, or otherwise; or at all; denies that said alleged or any sum is due, or past due; denies that said alleged or any sum is due." A jury was then ordered by the court, and duly impaneled and sworn to try the case. The plaintiff then offered in evidence the answer first quoted, to which defendant objected (1) for the reason that a cause of action was not stated in the complaint; (2) the answer was incompetent and immaterial; that it had been in effect withdrawn from the case, and was no longer a pleading in the case; that it was not competent as an admission against the defendant. This was all the evidence, and there was no other admission admitted or offered. The jury returned a verdict for the plaintiff in the sum of $325.85, upon which the court entered judgment against defendant. The defendant entered a motion for a new trial. The court overruled the motion, and the defendant excepted.

*R. H. Jones*, for appellant.

The court erred in construing defendant's original answer as pleading new matter and as containing an admission when it was only intended as an affirmative traverse of plaintiff's negative allegation that "no part thereof has been paid." 2 Estee, p. 5-12, § 33-34; *Frisch* v. *Caler*, 21 Cal. 75.

Court erred in admitting any evidence under the complaint, and especially in admitting in evidence the original answer as it had been laid out of the case, and was

superseded by the amended answer, and could not per-
form any further function. *Barber* **v.** *Reynolds,* 33. Cal.
497.

*A. R. Heywood,* for respondent.

The complaint in this case appears to be good from the
authority cited by appellant—4 California 326.   It is
there apparently expressly decided that an allegation of
indebtedness which alleges either a sale or a delivery of
goods is sufficient.   Estee cites *Canfield* v. *Tobeas,* 21 Cal.
350, as authority for a complaint alleging goods sold. In
that case the pleading was not as complete as ours.

Even if the view of appellant, that the complaint is too
brief, should be taken, the answer (see abstract, top of
page 3) has supplied the defect by an admission of an
indebtedness of $276.06.

Bliss on code pleading, section 437, lays down the rule
that where an answer aids the complaint so that by the
two the cause of action is stated, any objection to the
sufficiency of the complaint is waived.   Proof of the pay-
ment, set up in his answer, is on defendant.

ZANE, C. J., after stating the case as above, delivered
the opinion of the court:

The first question raised by the assignment of errors
is, has the plaintiff stated a good cause of action in his
complaint?   The statement of the cause of action is as
follows:   That defendant is indebted to plaintiff in the
sum of $305.69, for goods sold him by it within 18 months
immediately prior to filing the complaint, and that the
same is due, and that no part thereof has been paid.
These allegations were followed with a demand for judg-
ment for $305.69 and legal interest from the day of filing
the complaint.   The indebtedness is alleged to be for

goods sold,—not for goods sold and delivered, or for goods bargained and sold. The phrase, "goods sold," is not followed by an allegation of a promise to pay. If the term "sold" always imported a delivery,—if it were the equivalent of the words, "sold and delivered,"—a promise to pay might be implied. But, in pleading, it is not a technical term that has such a meaning attached to it. Chitty, who is regarded as the highest authority on pleading at common law, says: "In order to maintain a count for goods sold and delivered it is essential that the goods should have been delivered to the defendant or his agent, or to a third person, and credited by the plaintiff at the request of the defendant, or that something equivalent to a delivery should have occurred; and if not delivered, but still on the premises of vendor, though packed in boxes furnished by the purchaser, plaintiff would be non-suited, for he should have declared for goods bargained and sold, or specially." 1 Chit. Pl. pp. 345, 346.

This is equivalent to saying that goods may be bargained and sold, but not delivered. On the first-mentioned page the same author says: "The common *indebitatus* count, to recover the price or value of goods sold by the plaintiff to the defendant, states that the defendant was indebted to the plaintiff for goods, chattels, and effects, by the plaintiff sold and delivered to the defendant at his request."

But it may be urged that the Code of Civil Procedure of this State has changed the common-law rule. On comparison of the two systems, we find that it is not so. Section 3219, Comp. Laws Utah 1888, declares the rule for stating the cause of action as follows: "The complaint must contain * * * a statement of the facts constituting the cause of action, in ordinary and concise language." The above is, in substance, the common-law

rule. "Pleading is the statement in a logical and legal form of the facts which constitute the plaintiff's cause of action, or the defendant's ground of defense.   *   *   * Facts only are to be stated, and not arguments or infer- ences, or matter of law." 1 Chit. Pl. pp. 213, 214. Of course, this rule requires only the ultimate facts—the essential facts—to be stated, not the probative facts. It has been held that a statement of a cause of action in the language of the common count is a violation of the rule, under the Code, requiring only facts to be stated; but the weight of authority, under that system, authorizes the use of those counts. The plaintiff attempted to adopt a common law count in this case, but failed to use the term "delivered," or any equivalent language. The count also omits the allegation of the promise of defendant to pay the plaintiff the sum alleged to be due. Common counts are founded on express or implied promises to pay money in consideration of a precedent and existing debt. The contract may have been originally executory, but when executed on the part of the plaintiff, and nothing remains to be done on the part of the defendant but the payment of the money due, this count is sufficient. A statement that the defendant was indebted to the plain- tiff on a day named, in a sum named, for goods sold and delivered, service rendered, or other consideration received by the defendant at his request, and a promise to pay, is held to be a sufficient statement of facts to con- stitute a cause of action, and a compliance with the statute, as well as with the common law, requiring a statement of the facts constituting the cause of action, in ordinary and concise language. The count relied upon in this case is substantially and fatally defective as a count for goods sold and delivered, because it contains no averment of delivery or of a promise to pay. It fails to show an express promise, or an executed consideration

sufficient to raise an implied promise, with such clearness and certainty as the rules of pleading laid down by the Code or the common law require. It is not good as a common count, for goods bargained and sold simply, because it does not allege a promise to pay the sum named as the indebtedness. In the respects named, the count ignores the principle which underlies common counts, and upon which they are based. 2 Chit. Pl. pp. 37, 55, 56; 1 Estee, Pl. & Prac. (Pom. 3d Ed.) 328.

The foregoing conclusions would seem to dispose of this appeal, but, inasmuch as the case must be reversed and remanded, we deem it proper to consider other questions of law raised by the errors assigned, and which may come upon another trial.

The defendant urged, also, as a ground of demurrer to the complaint, that it appears therefrom that the price of the goods sold was more than $200, and it was not alleged that the agreement or any note or memorandum thereof was in writing, or that the goods, or any part thereof, or the evidence thereof, was received, or that any part of the price was paid at the time. When the promise or agreement is alleged generally, the court will not assume, upon demurrer, that it was not in writing. In that case the burden is thrown on the defendant to allege that it was not in writing. If it appears from the complaint, however, that the transaction was within the statute, the advantage may be taken by demurrer. Browne, St. Frauds (5th Ed.) § 505; 2 Estee, Pl. &. Prac. (Pom. 3d Ed.) 449.

On the trial of the cause, the plaintiff offered in evidence the original answer of the defendant, for the purpose of proving an admission by him. To its admission the defendant objected, but the court overruled the objection, and the defendant excepted. This ruling is assigned as error. While the original answer could not be relied

upon as a pleading in the case after the filing of the amended answer, there could be no valid objection to it as a matter of evidence against defendant. The value of such evidence must depend upon its language, and the circumstances under which it was signed, and the explanation, if any, given of it. *Brown*,v. *Pickard*, 4 Utah 292, 9 Pac. 573, and 11 Pac. 512. The plaintiff was alleged in the complaint to be a corporation under the laws of. Nebraska. This allegation the defendant denied in his answer. This denial imposed upon the plaintiff the burden of proving its corporate existence. But it was only necessary to prove a corporation *de facto*. If there was a law, general or special, authorizing such a corporation, a colorable organization, with proof that it acted as such, would be sufficient. Or a party may be bound by his admission of the corporate existence of the opposite party. If he deals with a corporation *de facto*, and receives the benefit of such transaction, he will not be heard to deny that the party was a corporation, and thereby defeat a recovery against him. *Liter* v. *Mining Co.*, 7 Utah 487, 27 Pac. 690; 2 Mor. Priv. Corp. § 756. We are of the opinion that the court did not err in admitting the first answer, as an admission by the defendant tending to prove the corporate existence of the plaintiff.

In view of the conclusions we have reached upon the examination and consideration of this record, we do not deem it material to consider other errors assigned. The judgment of the court below is reversed, and the case is remanded, with directions to that court to sustain defendant's demurrer to the complaint, and to give the parties leave to make proper amendments to their pleadings.

BARTCH and MINER, JJ., concur.