[S. F. No. 5180. In Bank.—December 3, 1909.]

# S. CHRISTENSEN, Respondent, v. BENJAMIN M. CRAM, Appellant.

PLEADING—ACTION TO RECOVER PURCHASE PRICE OF GOODS SOLD—SUFFI-
CIENCY OF COMPLAINT.—In an action to recover the balance of the
purchase price of property sold, a complaint which merely alleges
that the plaintiff "sold" the property for a stated sum of money,
that the defendant paid a certain sum on account thereof, and "that
there is still due, owing and unpaid on account of said sale," the
balance sued for, "and that no part of the same has been paid," is
sufficient, after verdict and a trial upon the merits, to sustain a
judgment for the plaintiff.

ID.—IMPLICATIONS INVOLVED IN ALLEGATION THAT PROPERTY WAS SOLD.
—The allegation, in such complaint, that the property was "sold"
for a stated sum, implies that the price was agreed upon, that the
buyer promised to pay it, and that the sale was consummated by
delivery or a passing of the title of the property, and that conse-
quently the purchase price immediately became due on delivery or
passing of the title.

ID.—MEANING OF WORD "SOLD"—DELIVERY AND PASSING OF TITLE
IMPLIED.—When nothing appears in the context or circumstances to
control it, the word "sold" primarily means a consummated sale,
that is a sale and delivery, or a passing of the title.

ID.—ALLEGATION OF BREACH OF PROMISE TO PAY.—The allegation, in
such complaint, that "there is still due, owing and unpaid on account
of said sale" the sum sued for, and "that no part of the same has
been paid," is a sufficient allegation of the breach of the promise to
pay.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. John E. Richards, Judge
presiding.

The facts are stated in the opinion of the court.

A. B. Weiler, and A. B. Harris, for Appellant.

Jas. P. Sweeney, for Respondent.

SHAW. J.—The action is to recover three hundred and fifty
dollars on contract. The appeal is from the judgment upon
the judgment-roll alone. The only question presented is the
sufficiency of the complaint.

The complaint was not verified, the answer was a general denial, there was a trial by the court upon the merits, and a finding that all the allegations of the complaint were true.

The first contention of the appellant is that the complaint does not aver any promise on the part of the defendant to pay the money sued for, nor any facts from which such promise would be implied by law. There is no express formal allegation of a promise, but it is alleged that the plaintiff sold to the defendant a horse and buggy for the sum of five hundred and fifty dollars, that the defendant paid two hundred dollars on account thereof, and that there is still due, owing, and unpaid on account of said sale of said horse and buggy to said plaintiff by said defendant, the sum of three hundred and fifty dollars.

When it is said that one has sold to another certain property for a stated sum of money, the statement implies that the price was agreed upon and that the buyer promised to pay it. This would be the ordinary meaning of the language. The complaint, therefore, does, in substance, aver a promise by the defendant to pay to plaintiff the money sued for. The averment is defective in that it is not direct, but it is sufficiently certain to the ordinary mind. It is of the class of defects which should be considered as cured by the verdict and as not sufficiently prejudicial to the other party to warrant a reversal on appeal.

The next objection is that there is no allegation that the price was due or presently payable, at or before the time the action was begun. In support of this objection the argument is that, in the absence of a special agreement to the contrary, the price of goods sold is not payable until delivery is made, or until the title passes, and that no delivery is alleged and it is not shown that the title passed. It is alleged that the plaintiff "sold" the property to defendant, at the price named. The word "sold" is often used to indicate an executory agreement for the sale of property. Instances of such use are exhibited in *Blackwood* v. *Cutting Packing Co.*, 76 Cal. 212, [9 Am. St. Rep. 199, 18 Pac. 248]; *Eaton* v. *Richeri*, 83 Cal. 185, [23 Pac. 286]; *Pettinger* v. *Fast*, 87 Cal. 461, [25 Pac. 680]; and *Shainwald* v. *Cady*, 92 Cal. 83, [28 Pac. 101], cited by the appellant. For example, if by contract an agent is to receive a commission upon a sale of property, or when prop-

erty is sold, a valid executory agreement of sale will answer the condition. "The word 'sale' does not necessarily, and in all connections, mean that a conveyance must be made, or that the title must pass." ( *Eaton* v. *Richeri,* 83 Cal. 185, [23 Pac. 286].) But on the other hand, when nothing appears in the context or circumstances to control it, the word primarily means a consummated sale, that is a sale and delivery, or a passing of the title. In 1 Benjamin on Sales, section 1, that author says: "To constitute a valid sale there must be a concurrence of the following elements, viz.: (1st) Parties competent to contract; (2d) Mutual consent; (3d) A thing, the absolute or general property in which is transferred from the seller to the buyer; and (4th) A price in money paid or promised." (See also 1 Mechem on Sales, sec. 1; 24 Am. & Eng. Ency. of Law, p. 1022.) It is conceded that when the title passes, or when delivery is made, the price immediately becomes due. (See on this point 2 Mechem on Sales, sec. 1406.) There are decisions to the effect that under the common law system of pleading, a complaint in the form of a common count for the price of goods, must aver that the goods were "sold and delivered," and that if the word "delivered" is omitted, there is a fatal defect. (*Kilpatrick etc. Co.* v. *Box,* 13 Utah, 494, [45 Pac. 629] ; *McEwen* v. *Morey,* 60 Ill. 34.) But in the case at bar there was no attempt to use the form known as the "common count" as established by the common law. The pleading is manifestly an attempt to follow the code rule (Code Civ. Proc., sec. 426), that is to state "the facts constituting the cause of action in ordinary and concise language." When this is done, the words used should be given their ordinary meaning, unless modified by the context. The context in this complaint certainly does not alter the usual meaning of the word "sold," but rather strengthens the conclusion that it was used to describe a completely executed transaction.

The decisions to the effect that the expression "due and owing," in a complaint to recover money, is a mere conclusion of law, and is not sufficient as an averment of a breach of a promise to pay money, are not decisive of the case. As we have seen, the complaint in effect states a promise to pay money then presently payable. The allegation as to the breach is that "there is still due, owing and unpaid on account of

said sale," the sum of three hundred and fifty dollars, and "that no part of the same has been paid." The breach of such a promise is the failure to pay, and this is sufficiently alleged by the clauses quoted.

If a witness had testified on behalf of plaintiff, using the exact words of the complaint, such evidence would have been sufficient to support a judgment for the plaintiff upon a common count for goods sold and delivered. There is absolutely nothing in the record to show or indicate that the defendant was in any way misled by the lack of a fuller or more technical statement of the facts, or that he was not by the complaint fully informed with respect to the case to be presented against him. Upon this appeal from the judgment, upon the judgment-roll alone, after an issue and trial upon the merits, we think the complaint should be held to be sufficient, although it is not to be commended as a model, and although, if a demurrer thereto had been sustained, we might not have been disposed to reverse such a ruling.

The judgment is affirmed.

Angellotti, J., Sloss, J., Henshaw, J., Lorigan, J., and Melvin, J., concurred.