[Civ. No. 1086. First Appellate District.—October 17, 1912.]

## M. A. ROOT, Respondent, v. MARY GREADWOHL, Appellant.

Action upon Note for Broker's Commission — Consideration — Insufficient Defense of Failure — Default of Purchaser After Sale.—In an action upon a note given for the payment of a broker's commission upon the sale of real estate, a defense of the failure of consideration based upon the default of the purchaser in making payments subsequent to the sale, was properly found against as no defense to the note.

Id.—Broker's Commission When Earned—Subsequent Default or Insolvency of Purchaser Immaterial.—The services of a real estate broker are fully performed, his commission fully earned, when he has procured a purchaser ready and willing to enter into a valid contract of sale upon the terms fixed by the owner. The subsequent default or insolvency of the purchaser so procured by the broker, after the sale of the real property has been completed, cannot defeat the recovery of the broker's commissions.

Id.—Findings upon Conflict of Evidence Undisturbed.—Findings made by the court upon a substantial conflict of evidence upon all of the material issues, cannot be disturbed, and are conclusive upon the appellate court.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

W. P. Thompson, and A. M. Drew, for Appellant.

Guy E. Dyar, for Respondent.

LENNON, P. J.—This is an appeal from a judgment and from an order denying a new trial in an action upon a promissory note, wherein the plaintiff was awarded a judgment against the defendant in the sum of four hundred dollars.

The note in suit was executed by the defendant to plaintiff's assignors in payment of a broker's commission for the sale of certain real estate belonging to the defendant. As a defense to the action the defendant in her answer alleged in substance that she never contracted to give the note sued on; that she never agreed to pay the money at the time, in the manner, or in the amount specified in the note; that the note did not express the terms and conditions of the real contract between plaintiff's assignors and defendant; that the note was signed by the defendant through mistake and under a misapprehension as to its contents, and finally that the consideration for the note had wholly failed before it became due.

The court found generally and specifically that all of the allegations of the plaintiff's complaint were true, and that all of the denials and defenses of the defendant's answer were untrue.

There is no merit in the defendant's contention that the trial court should have found in favor of the defense of a failure of consideration merely because the evidence adduced at the trial showed that the purchaser procured by plaintiff's assignors for defendant's property failed to pay the full purchase price thereof as agreed. The sale of the defendant's property to the purchaser procured by plaintiff's assignors was completed, and the broker's commission earned, when the defendant, after receiving one thousand dollars in cash on account of the sale, gave the purchaser a deed to the property and took his note, secured by a mortgage upon the land sold,

for four thousand five hundred dollars, the balance of the purchase price. The services of a realty broker are fully performed and his commission fully earned when the sale of the property is completed or when he has procured a purchaser ready and willing to enter into a valid contract of sale upon the terms fixed by the owner. (*Dolan* v. *Scanlan,* 57 Cal. 261; *Gunn* v. *Bank of California,* 99 Cal. 349, [33 Pac. 1105]; *Brown* v. *Mason,* 155 Cal. 155, 21 L. R. A. (N. S.) 328, [99 Pac. 867].) The fact that the purchaser in the present case subsequently defaulted in his payments of the purchase price of the land sold was no concern of the plaintiff's assignors. That fact could not operate to deprive them of the commissions due for their services rendered in procuring a purchaser for the defendant's land, who was willing and at the time was able to buy the property, and who did actually enter into a valid contract of sale at the price and upon the terms specified by the defendant. After a sale of real property has been completed the default or insolvency of the purchaser procured by the broker will not defeat the recovery of the latter's commission. (*Shainwald* v. *Cady,* 92 Cal. 83, [28 Pac 101]; *Benedict* v. *Wilson,* 10 Cal. App. 719, [103 Pac. 350].)

Upon the issue of the making and execution of the note in suit the defendant was permitted without objection to give testimony which tended in some degree to show that plaintiff's assignors had orally agreed at the time of the execution of the note to accept one hundred dollars in cash on account of their commissions for making the sale of defendant's land, and to wait for the four hundred dollars balance due them until such time as the purchaser should make a second payment of one thousand dollars. This testimony was offered and received apparently upon the theory that because of the alleged ignorance, misapprehension, and mistake of the defendant in executing the note, parol evidence was admissible to vary the terms thereof. Counsel for the defendant now insists that the evidence upon this phase of the case is without conflict, and if this be so the findings of the court are contrary to the evidence. Counsel for the plaintiff on the other hand insist that the evidence upon this, and upon every other issue in the case, is in substantial conflict, and that in any event a judgment for the defendant could not have been rendered solely upon evidence which tended to show the existence of a

contemporaneous oral agreement which was totally at variance with the written agreement of the parties as finally expressed in the note.

It will not be necessary for us to follow counsel in their discussion of the rule relating to the admission of oral evidence to vary or contradict the terms of a written instrument, because in our opinion the evidence upon the whole case is in substantial conflict upon all of the material issues. The trial court found against the defendant upon the issue as to whether or not the defendant executed the note in suit; and the evidence upon this phase of the case in effect covered the issue as to whether or not defendant knew that she was signing a promissory note rather than another and totally different contract. In the presence of a substantial conflict upon these and all of the issues in the case the findings of the trial court are conclusive upon us and cannot be disturbed.

This we think disposes of all of the points made by appellant that are worthy of serious consideration. The judgment and order appealed from are affirmed.

Hall, J., and Kerrigan, J., concurred.