[Civ. No. 3659. Second Appellate District, Division One.—February 17, 1922.]

## H. R. KELLS et al., Respondents, v. W. J. PEARSON, Appellant.

[1] VENDOR AND VENDEE—DEPOSIT OF MONEY—TIME.—Where on a given date the vendor and vendee enter into an agreement whereby the vendee is given fifteen days within which to make payment and the next day the vendor deposits his deed with the escrow-holder with instructions to deliver it to the vendee upon deposit of the money within fifteen days from the latter date, the time within which the vendee may deposit the money is extended one day; and where the last day of such period expires on Sunday, the time within which the vendee might make payment includes the following day.

[2] ID.—DEPOSIT OF CHECKS AS PAYMENT—WAIVER OF OBJECTION.— The vendee, within the time specified by the vendor, having deposited with the escrow-holder his checks for the money agreed

---

1. Inclusion or exclusion of Sunday or holiday in computation of time, notes, Ann. Cas. 1917E, 934, 949, 952.

to be paid and it, without objection, having accepted payment in that form, this constituted a compliance with the agreement as to payment on the part of the vendee.

[3] BROKERS' COMMISSIONS—WHEN EARNED—NEGOTIATION OF SALE.—The defendant having agreed to pay plaintiffs' commission for negotiating a sale of the property, this was accomplished when they secured a valid, binding, and enforceable contract to purchase the property from one ready, able, and willing to purchase it upon the terms exacted by defendant and with whom he was willing to and did enter into such a contract of purchase.

[4] ID.—FAILURE OF VENDEE TO ENFORCE CONTRACT—RIGHT TO COMMISSION.—The plaintiffs as brokers, having done all that they were required to do under the contract, should not be deprived of their right to payment of the commission because the seller deemed it to his interest to waive the enforcement of the contract in accordance with its terms.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellant.

Leonard B. Slosson and J. Marion Wright for Respondents.

SHAW, J.—Action to recover money as commission for negotiating a sale of real estate. Judgment went for plaintiffs, from which defendant has appealed.

It appears that on March 5, 1920, plaintiffs, acting as agents for defendant, received from George C. Albert, the proposed purchaser of the property, the sum of $500, which they acknowledged to be a deposit in part payment of the purchase thereof agreed by him to be made at the price of $15,000, to be paid upon the conveyance of the property, with a certificate of title to be furnished by defendant showing the same to be vested by such conveyance in the purchaser free and clear of encumbrances. Time was made the essence of the agreement, which further provided that the sale upon the terms and conditions set forth should be agreed to and accepted by the owner within two days from

3. When broker's commission is earned, notes, 28 Am. St. Rep. 546; 139 Am. St. Rep. 225; Ann. Cas. 1914D, 395.

the date thereof, or the deposit returned upon demand. By the agreement the purchaser was given fifteen days after notice from the owner of his ability and readiness to convey the property within which to complete the purchase, and upon his failure to do so within such time, provided the seller complied with the terms of the agreement, he was to forfeit the deposit as liquidated damages. Upon this document, signed by plaintiffs as agents, was indorsed the following: "I hereby agree to purchase the real property above mentioned and described upon the terms and conditions above set forth. George C. Albert, Purchaser." And attached thereto, duly signed by defendant, was the following: "I hereby agree to sell the real property above mentioned and described at the price and upon the terms set forth in the foregoing instrument and agree to execute and deliver a good and sufficient deed conveying said property to said purchaser in accordance with the provisions thereof; and I further agree to pay Kells & Grant $750.00 as commission for negotiating such sale. Said commission or any part thereof, may be retained by the broker from the first money received on account of the purchase price, or forfeit money paid by the purchaser." On the day following, to wit, March 6th, the defendant deposited with the Title Guarantee & Trust Company a deed conveying the property to Albert, the purchaser, together with instructions to the escrow-holder to deliver the same to the grantee upon payment to it, within fifteen days from March 6th, for his account, the sum of $15,000; and further instructed that if at the expiration of the time provided therein the condition of payment was not complied with, the escrow-holder should, upon written demand of Pearson, return to him the instrument so deposited. Corresponding instructions were given to the Title Guarantee & Trust Company by Albert as to the payment, wherein he stated that he would hand to the escrow-holder his check for $14,500, to be used by it subject to the conditions therein expressed and which were the same as embodied in the agreement hereinbefore referred to made with defendant's agents. On March 19th the purchaser delivered to the Title Guarantee & Trust Company as escrow-holder his check for $14,500, which, together with the sum of $500 theretofore deposited by him with the agents and by the latter delivered to the Title Guar-

antee & Trust Company, made the sum of $15,000. On March 22d defendant, claiming that the time within which payment was to have been made had expired, demanded from the escrow-holder a return of the deed, which request was complied with, and thereupon he sold the property to another for $17,000. It further conclusively appears that the purchaser had on deposit with the Hollywood Branch of the Security Trust & Savings Bank of Los Angeles, upon which the check was drawn, a sufficient amount of money to cover the check and which would have been, and in fact was, paid upon presentation thereof.

The court found that George C. Albert was ready, able, and willing to complete the purchase, and that he did, within the time provided therefor, fully comply with all the conditions of the agreement imposed upon him, notwithstanding which facts defendant repudiated his part of the contract and before the expiration of the time within which the purchase was to be completed, withdrew the deed. In our opinion, these findings are amply supported by the facts established.

[1] Conceding that under the agreement the money was payable fifteen days from March 5th, which expired on Saturday, March 20th, nevertheless such time was extended by defendant when he deposited his deed in escrow with instructions to deliver the same upon payment within fifteen days from March 6th. This time expired on March 21st, which was Sunday, by reason of which fact the time within which the purchaser might make payment included the following day (secs. 9, 10, and 11, Civ. Code), prior to the expiration of which time defendant withdrew the deed, on which day, for aught that appears to the contrary, the money called for by the check had been paid to the escrow-holder or its collecting agent.

[2] Furthermore, we are of the opinion that the checks for $15,000 delivered to the Title Guarantee & Trust Company on March 19th, in the usual and customary course of business, constituted a compliance with the agreement as to payment on the part of the purchaser. The escrow-holder, under defendant's instructions, was his agent to accept payment of the purchase price and, without objection, it, in the ordinary course of business, accepted the checks. This was prior to the expiration of the time fixed for payment as

specified in the agreement. If payment so tendered by check to defendant's agent, except in case of dishonor, was not acceptable to defendant's agent, it should have so stated (sec. 2076, Code Civ. Proc.; *Smiley* v. *Read*, 163 Cal. 644 [126 Pac. 486]), in which case the purchaser could, and doubtless would, have withdrawn the money from the bank and paid it in cash.

[3] Moreover, under the contract in writing made by defendant, he agreed to pay plaintiffs' commission for negotiating a sale of the property, and this was accomplished when they secured a valid, binding, and enforceable contract to purchase the property from one ready, able, and willing to purchase it upon the terms exacted by defendant, and with whom he was willing to and did enter into the contract. In *Jauman* v. *McCusick*, 166 Cal. 517 [137 Pac. 254], it is said: "If the brokers had been employed by a writing in the ordinary form, agreeing to pay them a commission for negotiating a sale . . . of defendant's property upon certain terms, their obligation would have been fully performed by procuring 'a valid contract to purchase, which could be enforced by the vendor if his title were perfect.' " Such contract was procured here, and under its terms the payment of the commission was not made contingent upon a consummation of the sale. In *United States Farm Land Co.* v. *Darter*, 42 Cal. App. 292 [183 Pac. 696], it is said: "The rule is that 'the services of a real estate broker are fully performed, his commission fully earned, when he has procured a purchaser ready and willing to enter into a valid contract of sale upon the terms fixed by the owner,' " citing *Root* v. *Greadwohl*, 20 Cal. App. 139 [128 Pac. 418]. To the same effect are: *Stewart* v. *Bowie*, 43 Cal. App. 751 [185 Pac. 868], and *Gunn* v. *Bank of California*, 99 Cal. 352 [33 Pac. 1105]. The agreement in the instant case was, "and I further agree to pay Kells & Grant $750 as commission for *negotiating such sale.*" [4] As conclusively appears from the record, they procured a solvent purchaser having sufficient money with which to pay for the property and whose readiness and willingness to buy the same is evidenced by the fact that he in writing obligated himself so to do; and plaintiffs as brokers, having done all that they were required to do under the contract, should not be deprived of their right to payment of the commis-

sion because the seller deemed it to his interest to waive the enforcement of the contract in accordance with its terms. However viewed, there is no merit in the appeal.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.