[Civ. No. 4090.   Second Appellate District, Division One.—September 17, 1924.]

GEORGE C. ALBERT et al., Respondents, v. W. J. PEARSON et al., Appellants.

[1] VENDOR AND VENDEE—RECEIPT BY AGENT—SIGNING OF BY PARTIES —CONTRACTS.—A receipt by an agent acknowledging receipt of a check as a deposit and part payment on account of the purchase of certain real property, and showing that the purchaser agreed to buy the same for a stated sum to be paid in cash upon the delivery of a good and sufficient deed and a certificate of title,

---

1.   See 6 Cal. Jur. 17.

that time was of the essence of the agreement, and that if the purchaser did not complete the purchase "as hereinbefore provided within 15 days after notice from the owner of his ability and readiness to convey said property as herein provided, then the said deposit" shall be forfeited and paid to the owner, became a contract when the purchaser signed a statement thereon that he agreed to purchase said property "upon the terms and conditions above set forth," and the owner signed thereon a statement that he agreed to sell the property on the same terms and to deliver a good and sufficient deed conveying the property to said purchaser.

[2] ID.—CHECKS—CASH.—A check is not cash, that is to say, it is not lawful money, which a creditor can be compelled to accept; but the law recognizes that by consent of sellers and buyers, checks may be used as representing cash.

[3] ID.—CONTRACT—PAYMENT—CHECKS—PERFORMANCE.—In an action by a vendee against a vendor for damages for breach of a contract of sale of real property which provided that the purchase money should be paid in cash within a limited time, where the vendor had recognized a check, constituting a deposit, as a satisfactory form of payment, and where the agent appointed by the vendor to receive the final payment accepted a check therefor without objection, and the check was given in good faith and in the ordinary course of business, and within such time that it reasonably could have been cashed before the expiration of the time limited, and in fact was cashed in due course, the vendee performed his obligation completely and within due time.

(1) 39 **Cyc.,** p. 1222.   (2) 30 **Cyc.,** pp. 1207, 1208.   (3) 39 **Cyc.,** p. 1600 (Anno.).

APPEAL from a judgment of the Superior Court of Los Angeles County. Bertin A. Weyl, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellants.

J. Marion Wright for Respondents.

CONREY, P. J.—In this action the plaintiff George C. Albert recovered judgment against the defendant W. J. Pearson in the sum of $2,000 damages for breach of a contract

2. Sufficiency of tender by check, note, Ann. Cas. 1914B, 178. See, also, 19 Cal. Jur. 947, 954; 26 R. C. L. 638.

of sale of real property. Pearson appeals from the judg-
ment.

The written evidence of the transaction begins with an
agents' receipt dated March 5, 1920, acknowledging receipt
from Albert of a $500 check (made to the agents Kells &
Grant), as deposit and part payment on account of the pur-
chase of the described real property, this day sold to said
Albert, which said property the purchaser agreed to buy for
the sum of $15,000, payable as follows: $15,000 cash (in-
cluding the amount herein receipted for) upon the execution
and delivery of a good and sufficient deed conveying said
property . . . together with a guarantee certificate of title
by an acceptable title company, etc. "Time is made of the
essence of this agreement. . . . If the purchaser does not
complete the purchase as hereinbefore provided within 15
days after notice from the owner of his ability and readiness
to convey said property as herein provided, then the said
deposit at the election of said owner shall be forfeited to
W. J. Pearson as liquidated damages, and it shall thereupon
be paid to the owner." On said receipt Albert signed a
statement that he agreed to purchase said property "upon
the terms and conditions above set forth," and Pearson
signed thereon a statement that he agreed to sell the prop-
erty on the same terms and to deliver a good and sufficient
deed conveying the property to said purchaser.

On March 6th Albert delivered to the Title Guarantee &
Trust Company "escrow instructions" stating, "I will hand
you check for $14,500, which you are instructed to use pro-
vided within 15 days you can issue your guarantee," etc.
These instructions were accompanied by a $500 check of
Kells & Grant to the company, which check was in due course
cashed by the company. On the same day corresponding
"escrow instructions" were delivered to the company by
Pearson authorizing the company to deliver the deed "upon
payment to you within 15 days from date hereof for my
account, the sum of $15,000." The deed was delivered by
Pearson to the company as indicated in his instructions
On March 19th Albert gave his check on the Hollywood
Branch of the Security Trust & Savings Bank for $14,500 to
the Title Guarantee & Trust Company. The company on
March 20th deposited this check in another bank and it went

to the drawee through the clearing-house, with the result that on March 23d the amount was charged to the account of Albert on the books of the Security Trust & Savings Bank. On March 19th, when the check was issued, and thereafter until it was paid, Albert's balance in that bank, as shown by its books, was sufficient to provide payment of said check. March 21st, the fifteenth day after March 6th, fell on a Sunday.

On the afternoon of March 22d, after 3 o'clock, Mr. Pearson went to the office of the title company, where he was informed by the company that it had not received returns from the check, and could not get the transaction through on that day. Later in the afternoon he sent to the title company a note requesting that the company give the deed, together with the certificate of title and all papers pertaining to same, to bearer. The title to the real property at that time stood in the name of the defendant Elizabeth B. Pearson, but the record leaves no doubt that Mr. Pearson was handling all the transactions relating to said property as if it were his own. Late in the same afternoon, after Pearson had sent down his letter to the title company, and after he got the certificate of title from the title company, Mrs. Pearson, under the supervision and direction of her husband (as the circumstances in evidence clearly show), executed a deed of said real property to John R. McCoy, who was an innocent purchaser thereof and who paid therefor the sum of $17,000. The deed to McCoy was recorded in the recorder's office at six minutes before 5 o'clock on that same afternoon.

Appellant's points on appeal are as follows:

*First,* that the instrument on which the action is based is not a contract, because the evidence fails to establish a mutuality of the parties to it, and further, because it fails to establish an offer on the one hand and an acceptance on the other, of the terms of the instrument as by it expressed. *Second,* that respondent did not comply with the express terms of the contract, and through his own fault delayed the consummation of the contract until it fell without the time expressly required for its consummation. *Third,* that the delivery of the instructions to the Title Guarantee & Trust Company did not constitute an escrow. *Fourth,* that

the remedy, if any, that respondent should have exercised should have been an action against the Title Guarantee & Trust Company as the escrow-holder, for failure to use due diligence in seeing that the original contract was consummated within the time specified by its terms.

[1] The instrument of March 5th, when signed by the parties on that day, became a contract. It contained a direct agreement to buy; therefore, it was not a mere option. Appellant is correct in his contention that time was of the essence of this agreement. But in order that the time limited should begin to elapse, a certain notice was required to be given by the vendor. Then the vendee, within fifteen days, must pay "in cash."

The time limited was set in motion on March 6th, when the escrow instructions of appellant were given and the deed was deposited. The purchaser was obligated to pay "in cash." [2] It may be conceded that a check is not cash, that is to say, it is not lawful money, which a creditor can be compelled to accept. But the law recognizes that by consent of sellers and buyers, checks may be used as representing cash. (Code Civ. Proc., sec. 2076; *Kells* v. *Pearson,* 56 Cal. App. 502, 505 [205 Pac. 888].) [3] Appellant in making the contract had recognized the first check, constituting the $500 deposit, as a satisfactory form of payment of that sum. Appellant, in giving his escrow instructions, directly authorized the final payment to be made to the title company, for account of appellant. If, then, the agent thus appointed to receive the money, accepted the check without objection, and the check was given in good faith and in the ordinary course of business, and within such time that it reasonably could have been cashed before the expiration of the time limited, and in fact was cashed in due course, it should be held that the vendee performed his obligation completely and within due time. And that these facts did concur in the present case is entirely certain.

The judgment is affirmed.

Houser, J., and Curtis, J., concurred.