83  51
91  517
83  51
121  46
83  51
128  419
83  51
139  190

[No. 13422.   Department One. — February 3, 1890.]

GEORGE RHORER ET AL., RESPONDENTS, v. AUGUSTIN BILA ET AL., APPELLANTS.

VENDOR AND PURCHASER — POSSESSION OF PURCHASER — SUIT FOR PUR-CHASE-MONEY — DEFENSE — COUNTERCLAIM — WAIVER OF DAMAGES FOR DELAY. — A purchaser cannot remain in possession of lands under a contract, and at the same time refuse to pay the stipulated purchase price. He must surrender possession or show an eviction before he can defend a suit for the purchase-money, or show a failure of consideration, or counterclaim to the purchase-money, or damages for delay in performance of the contract by the vendor. So long as he retains possession he waives all objections, whether of defect of title or of delay in completing it, and is bound to accept title according to the terms of the contract, if offered while he still retains possession.

ID. — TENDER BY PURCHASER — DEFAULT OF VENDOR. — A tender of purchase-money made before the time provided for payment by the strict letter of the contract cannot put the vendor in default for non-delivery of the deed.

ID. — TENDER OF DEED — DEMAND OF PURCHASE-MONEY — LIEN OF MORT-GAGE. — The tender of a deed of the land purchased, and a demand of the purchase-money before a mortgage has been paid off, will not defeat a suit for the purchase-money, if the tender was not objected to on that ground, and the mortgage was in fact released before the trial, and a good and sufficient deed tendered at the trial. If the amount of the mortgage is less than the purchase price, the purchaser could have retained a sufficient sum to satisfy the mortgage debt.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Lee & Scott*, for Appellants.

*J. L. Murphey*, for Respondents.

PATERSON, J. — On the eighteenth day of February, 1887, the plaintiffs entered into an agreement with the defendant Bila, by the terms of which they agreed to sell and he agreed to buy the land in controversy for the sum of $3,375. One dollar of the purchase price was paid at the time of the execution of the agreement, and the balance ($3,374) was to be paid " as soon as said second party shall receive the second payment on a certain contract made between Frank P. Firey, Charles French, and George Rhorer, parties of the first part, and Augustin Bila, party of the second part." On the 26th of May, 1887, the defendant Bila tendered to the plaintiffs the balance of the purchase price and demanded a deed. Defendants allege in their counterclaim that the plaintiff Firey, at the time of the tender, " in bad faith, refused and failed to accept said money, or any part thereof, or to execute or deliver said deed, or any deed of said land, either jointly with said plaintiff George Rhorer, or other-. wise, and then and there, in bad faith, repudiated said contract, and denied that he was obligated in any manner thereby, . . . . and that the said George Rhorer, at the time of said tender and demand, failed to execute or deliver said deed, or any deed of said land, to said Bila, either jointly with said Firey, or otherwise, and continued so to fail to execute or deliver said deed until the month of June, 1888. This action was commenced September 13, 1888, to compel the defendants to pay plaintiffs the balance of the purchase price, and in case they fail to do so, for a decree canceling the agreement under which the defendants claim, and awarding the possession of the premises to plaintiffs. It is alleged in the counterclaim of defendants that the defendant Bila took possession of the premises under said contract, and placed valuable and permanent improvements thereon, aggregating in value not less than three hundred dollars; that thereafter the defendant Bila entered into a contract with the defendants Mills and Arnold, whereby he agreed

to sell all of the land and improvements to them for the sum of two thousand five hundred dollars, a portion of which price was paid; that on the twenty-sixth day of May, 1887, the defendants Mills and Arnold duly tentered to the plaintiffs the balance of the purchase-money, and demanded that said plaintiffs execute and deliver to them a good and sufficient deed; that the plaintiffs refused in like manner as they had refused to accept the tender made by the defendant Bila; that plaintiffs knew the defendants Mills and Arnold had purchased from Bila, and Bila, being present, consented that plaintiffs might convey to them, said Mills and Arnold; that after making said tender, and on the same day, May 26, 1887, Bila conveyed to Mills and Arnold.

It was admitted at the trial that the defendants had never paid the balance of the purchase price, or any part thereof; that on the 19th of April, 1888, the plaintiffs tendered to the defendants Mills and Arnold a deed purporting to convey in fee-simple the real estate described in the complaint, and demanded that they pay the balance of the purchase price; that the value of the rents, issues, and profits is equal to the value of the improvements made by the defendant Bila; that on the twenty-ninth day of April, 1886, plaintiff Firey executed and delivered to the Pomona Valley Bank a mortgage upon a tract of land, including the land in controversy, for the sum of two thousand five hundred dollars, payable one year from said date, with interest at the rate of one per cent a month, and that said mortgage was a valid lien upon the premises for the amount of the principal sum from its date until February 8, 1889, when it was released.

At the trial the plaintiffs tendered a good and sufficient deed to the defendants, but the defendants refused to accept the same, and refused to pay the balance of the purchase price, giving as a reason that the plaintiffs had damaged them, as set out in their counterclaim. The

defendants Mills and Arnold, in their counterclaim, aver that by reason of the plaintiffs' failure to convey, they, said defendants, have been damaged in the sum of $9,126. They allege that at the time of the tender to plaintiffs said real estate was of the value of at least $12,500, but that on the first day of January, 1888, and subsequent thereto, said real estate was not, and is not now, worth more than the sum of $3,374. They therefore pray for judgment against the plaintiffs for the sum of $9,126. The plaintiffs have received but $1 of the purchase price. The defendants not only refuse to pay the balance of the purchase price, but seek to recover from the plaintiffs the title of the land, and also the sum of $9,126. Plaintiffs had judgment as prayed for.

By the terms of the agreement the balance of the purchase price ($3,374) was to be paid " as soon as said second party shall receive the second payment on certain contract as made between Frank P. Firey, Charles French, and George Rhorer, parties of the first part, and Augustin Bila, party of the second part "; and it is admitted that the second payment referred to had not been made at the time defendants tendered to plaintiffs the balance of the purchase price ($3,374) and demanded a deed. Under the strict letter of the contract, therefore, the tender was made too soon to put the respondents in default. Appellants claim, however, that the words " as soon as said second party shall receive the second payment " should be construed to mean " not later than the time of said second payment," which would authorize the defendants to pay the balance of the purchase price and demand a deed at any time. But whether this be true or not, we deem it immaterial for us to determine, in view of the fact that defendants took possession of the land under the contract, and continue to hold the same and refuse to pay the balance of the purchase price. A purchaser cannot remain in possession of lands under a contract and at the same time refuse to pay the

purchase price. If the title fails, or the vendor refuses
to convey, an action on the covenants of his deed or con-
tract will give him all the relief to which he is entitled;
but to allow him to hold possession and at the same
time defend against an action for the purchase price
would enable him to hold the land discharged of the
obligation under which he acquired it. The rejection
of an offer to perform by one party to a contract excuses
the other party from performance as a condition prece-
dent. The latter cannot be held to be in default; but
such rejection does not release him from his obligation
to perform so long as he insists upon the enforcement
of the agreement for his own benefit. He cannot claim
under the contract and at the same time repudiate it.
The law requires him to surrender the possession of the
property, or prove an eviction therefrom, before permit-
ting the defense of a failure of consideration, or a suit
to recover the purchase price, or damages. (*Cooper* v.
*Pena,* 21 Cal. 412; *Haynes* v. *White,* 55 Cal. 39; *Whittier*
v. *Stege,* 61 Cal. 241; *Hicks* v. *Lovell,* 64 Cal. 20; 49 Am.
Rep. 679; *Gates* v. *McLean,* 70 Cal. 42; *Hannan* v. *Mc-
Nickle,* 82 Cal. 122; *Kirtz* v. *Peck,* 113 N. Y. 231; *Abbott*
v. *Allen,* 2 Johns. Ch. 519; 7 Am. Dec. 554; *Wickham*
v. *Evered,* 4 Madd. 34; *Younge* v. *Simcombe,* 1 Younge,
275; *Tindal* v. *Cobham,* 2 Mylne & K. 385; Sugden
on Vendors, secs. 406, 407.) "If a person be let into
possession of land under a contract for its purchase,
and no steps be taken by either party to enforce the
agreement, it will be presumed that each is satisfied,
and neither can insist on lapse of time as a bar to a suit
for specific performance." (Waterman on Specific Per-
formance, sec. 463; *Scarlett* v. *Hunter,* 3 Jones Eq. 84.)
So long as the purchaser retains possession he waives
all previous objections, whether of defect of title or delay
in completing it, and is bound to accept title according
to the terms of the contract, if offered while he still re-
tains possession. (*Thompson* v. *Drelles,* 5 Rich. Eq. 370.

See also *Hale* v. *Wilkinson*, 21 Gratt. 75; *Bellamy* v.
*Ragsdale*, 14 B. Mon. 293.) The mortgage for the sum
of two thousand five hundred dollars had not been paid
off when Rhorer and Firey tendered the deed to the ap-
pellants, but the deed was not objected to on that ground,
and the mortgage was in fact released before the trial of
the action. Furthermore, the amount due on the mort-
gage being less than the balance of the purchase price,
the defandants could have retained a sufficient sum to
satisfy the mortgage debt. (*Gates* v. *McLean*, 70 Cal. 42.)

Upon the facts admitted at the trial, we think the
court did not err in refusing to allow the evidence of-
fered by defendants.

Judgment and order affirmed.

Fox J., and WORKS, J., concurred.