[Civ. No. 2033.  First Appellate District.—May 31, 1917.]

G. ALBERT SMITH, Respondent, v. GEORGE LOBB et al.. Appellants.

LANDLORD AND TENANT — TERMINATION OF LEASE — SUFFICIENCY OF TENDER.—A lease giving the lessor the right to terminate it on the first day of December of any year during the term by paying to the lessee such amount as might be due him for certain reclaiming and leveeing work which the lease provided he was to do, and for which he was to be paid a stipulated sum per acre, is terminated by leaving a properly indorsed certificate of deposit for the amount in question with a bank of excellent standing convenient to the lessee's place of business, with a written request to notify the lessee that the certificate was there subject to his order, notwithstanding the bank misunderstood the instructions and notified the lessee that the certificate had been left with it to be held pending settlement between the parties in regard to some levee work, where the lessee thereafter learned that the certificate was being held subject to his order, and made no objection at that time, or at any other time, to the time or mode of the tender.

ID.—TENDER OF CHECK—PAYMENT OF MONEY OBLIGATION.—The tender of a check or of a certificate of deposit in payment of a money obligation is good unless objected to.

APPEAL from an order of the Superior Court of Fresno County granting a new trial.  George E. Church, Judge.

The facts are stated in the opinion of the court.

H. P. Brown, John G. Covert, and M. K. Harris, for Appellants.

L. L. Cory, Frank Kauke, and C. K. Bonestell, for Respondent.

KERRIGAN, J.—This is an appeal by defendants from an order granting a motion for a new trial in an action for conversion after verdict and judgment for defendants.

The plaintiff and defendant George Lobb had entered into a lease, under which Lobb, the lessor, might on the 1st of December of any year during the life of the lease terminate it by paying to the plaintiff, the lessee, such amount as might be due him for certain reclaiming and leveeing work which

the lease provided he was to do and for which he was to be paid a stipulated sum per acre. The amount that was due the plaintiff on December 1, 1913, under this arrangement is not disputed, but he asserts that the defendant Lobb did not at that time pay him that amount, or make a legal tender thereof, in an effort by said defendant to terminate the lease. If this be true, it follows that the lease was not canceled, and that plaintiff was entitled to a certain proportion of the crop raised on the demised premises in the year 1914, which was withheld by said defendant, and which withholding forms the basis of the conversion alleged in the complaint.

The case was tried before a jury, and judgment went for the defendants, but the trial court granted plaintiff's motion for a new trial on the ground, as was admitted at the oral argument of this appeal, that the trial court was of the opinion that it had fallen into error in admitting certain evidence offered by defendants relating to an alleged tender by defendant Lobb to the plaintiff of the amount of money necessary to terminate said lease.

We are of the opinion that the evidence in question was properly admitted by the court, and that consequently its order granting a new trial upon the ground indicated was erroneous.

The facts regarding the tender are that the defendant, desiring to pay to the plaintiff the amount of money necessary under the provisions of the lease to effect its termination, and having said sum in his possession, attempted on the first day of December, 1913, to find the plaintiff, diligently looking for him at places where he was most likely to be found. Failing to find him, he on the following day left a properly indorsed certificate of deposit for the amount in question with a bank of excellent standing convenient to plaintiff's place of business, and requested the bank in writing to notify the plaintiff that the certificate of deposit was there subject to his order. The bank, however, having misunderstood its instructions, notified the plaintiff that the certificate of deposit had been left with it to be held "pending settlement" between the plaintiff and said defendant "in regard to some levee work." About two weeks later the plaintiff called at the bank to ascertain the particulars of the deposit, and he then learned that the certificate of deposit was properly indorsed and was then subject to his order, and that he could have the certificate it-

self or its equivalent in money.   This tender, as we understand the record, was kept good.   Neither at that time nor at any time prior to the trial did plaintiff object to the time or to the mode of the tender, and hence, under the settled rule, he must be deemed to have waived any objection that he might have made thereto.   It has been held that the tender of a check or of a certificate of deposit in payment of a money obligation is good unless objected to.   (*Mitchell* v. *Vermont Copper M. Co.,* 67 N. Y. 280; *Becker* v. *Boon,* 61 N. Y. 317. See, also, *Rohrer* v. *Bila,* 83 Cal. 51, [23 Pac. 274] ; *Kofoed* v. *Gordon,* 122 Cal. 314, 320; *Hidden* v. *German Savings & Loan Soc.,* 48 Wash. 384, [93 Pac. 668] ; Civ. Code, secs. 1489, 1501.)

The tender being made in good faith, and any informalities in the deposit in the bank of the amount due him being waived by plaintiff's failure to object to it as made, the lease was thereby terminated and the obligation of said defendant to plaintiff extinguished.   (Civ. Code, secs. 1500, 1504; *Colton* v. *Oakland Bank of Savings,* 137 Cal. 376, [70 Pac. 225] ; *Baker* v. *San Francisco Gas etc. Co.,* 141 Cal. 710, [75 Pac. 342] ; 38 Cyc. 132, 163.)

It thus appearing that the evidence of tender and deposit with the bank was properly admitted, it follows that the court erred in finally holding otherwise and in granting upon that ground the motion for a new trial.   The order is reversed.

Richards, J., and Beasly, J., *pro tem.,* concurred.