[Civ. Nos. 17043, 17044. Second Dist., Div. Two. Nov. 17, 1949.]

ZELLETTA M. ROSE et al., Respondents, v. BEN HECHT et al., Appellants.

[Two Cases.]

Benjamin J. Goodman for Appellants.

A. Brigham Rose for Respondents.

MOORE, P. J.—The question for decision is whether the actual tender of payment of an instalment of rent stops the running of interest as of the date of the tender.

On February 15, 1944, respondents leased their hotel property to one Wolfe and his wife for a term of five years. The rental to be paid was $1,225 per month with an election to take in lieu of the fixed sum, 30 per cent of the rent revenue from the hotel. The date when such election could be exercised was not definite. As soon as the lease was assigned to appellants respondents refused to acknowledge the validity thereof and in April, 1945, instituted an action against the Wolfes to reform the lease, and appellants were joined as defendants. Final judgment denying reformation was not entered until after the order of submission of the instant actions, *Lori, Ltd.* v. *Wolfe,* 85 Cal.App.2d 54 [192 P.2d 112]. However, despite the facts (1) that judgment denying such relief by the trial court had been entered, (2) that there was no covenant against assignments of the lease and (3) that appellants had tendered

all payments of rentals provided thereby to be paid on December 24, 1945, respondents sued appellants asserting a nuisance, breach of lease and demanded payment of rents. In this they failed. On January 4, 1946, they commenced a series of six legal actions against appellants for rents due and in each instance attached appellants' bank accounts. At the time of the levy of each writ the bank held sums far in excess of the amount demanded and respondents held appellants' checks on the same banks for the sums due according to the lease. When appellants surrendered possession, June 15, 1947, their funds in the banks under attachment totaled $49,454.63, while respondents had received checks aggregating $48,312.20, drawn on the very accounts which had been attached. Each check had been tendered in payment of rent for a definite period and their total was the amount of rent that had been earned under the lease. Only the last two actions filed are involved herein. The first of these was filed March 31, 1947, and was for "the reasonable value of the use and occupation of the premises" from February 15 to December 14, 1946, and demanded $23,633.44. It alleged that defendants had offered to pay the sum of $23,633.44 for the period in question but that plaintiffs "were in a dilemma and could not accept it without prejudicing their rights." The second of the instant actions was filed August 1, 1947, and was based on six checks theretofore issued by appellants to respondents. The sum demanded was $12,178.67.*

Judgments were rendered for the principal sums of $22,-633.44** and $12,178.76 and for accrued interest at 7 per cent per annum on the two amounts, to wit, $3,234.68 and $1,243.33, respectively. The instant appeals are taken from the two awards of interest.

Appellants contend that their due and faithful tender of each instalment of rental and the rejection thereof by respondents entitle them to be relieved of the interest charges. Such contention is well supported by the evidence and conforms with the law. That at no time did respondents acknowledge appellants as their tenants is shown by respondents' numerous letters. The testimony of appellants proves that they offered their own checks and cashier's checks in payment of all accrued

---

*At the time of trial of the two instant actions there was pending the lawsuit filed May 2, 1946, for the rent from April 15, 1945, to April 30, 1946, in the sum of $20,000. The reason for the court's refusal to consolidate it with the present cases for trial does not appear.

**Appellants had been awarded $1,000 on their counterclaim.

rentals and that no offer was ever refused on account of the form of the tender. When checks were rejected, cash was vainly offered in the full amounts. As respondents attached for the accrued rentals for the successive periods appellants issued their checks to respondents for the sums due. Thereupon, appellants requested them to release the attachment so that their checks would be honored. Such requests were without avail. When two cashier's checks were received by respondents in 1945, respondents returned them with the statement that they did not recognize appellants as "indebted to them in any manner or in any respect for the payment of rent or otherwise." Respondents' counsel admitted that the checks were periodically sent to him by appellants. Henry Schaefer, attorney for E. E. Wolfe, testified that in the presence of Judge Scheinman he offered to pay Attorney Rose, agent for respondents, all rents due at the time and he offered to enter into a stipulation that respondents by accepting the rents would not yield their claims or contentions in the pending actions for reformation and unlawful detainer. Mr. Rose declined for fear that such a stipulation would prejudice respondents or that it would alter their position.

The statutory law clearly supports appellants' contention that they owe no interest on the rentals by reason of their offers to pay and their actual tenders of checks for the amounts due. An offer of payment stops the running of interest on the obligation. (Civ. Code, § 1504.) All objections to a tender by personal check, cashier's check or by money are waived by the creditor if not then stated. (Code Civ. Proc., § 2076; Civ. Code, § 1501.) Failure to pay a debt that is due is excused when payment thereof is prevented by act of the creditor. (Civ. Code, § 1511.) If the payment of a past due debt is prevented by the creditor, the obligor is entitled to all the benefits to which he would be entitled had the payment been accepted by the obligee. (Civ. Code, § 1512.) A refusal by a creditor to accept money due him before an offer thereof is equivalent to an offer and refusal. (Civ. Code, § 1515.)

The courts have clarified and emphasized such statutes. Where a creditor declines to negotiate with his debtor concerning an offer of payment and without making objection to the form of the tender or inquiring as to the latter's ability to pay the obligation, but merely refuses to consider the offer to pay, it may be assumed that any further attempt by the latter would meet with like rebuff. In such event, the indebtedness

ceases to bear interest. (*Beeler* v. *American Trust Co.,* 24 Cal.2d 1, 3, 29 [147 P.2d 583] ; *Stein* v. *Leeman,* 161 Cal. 502 [119 P. 663] ; *Hunt* v. *Mahoney,* 82 Cal.App.2d 540, 546 [187 P.2d 43].) ▮ While tenders of monthly rentals by personal checks without depositing in a bank the amount thereof to the lessor's credit does not extinguish the obligation, such tenders are sufficient to stop the running of interest. (*Walker* v. *Houston,* 215 Cal. 742, 745 [12 P.2d 952, 87 A.L.R. 737] ; *Marshall* v. *Hilton,* 209 Cal. 531, 534 [289 P. 165] ; *Webb* v. *Jones,* 88 Cal.App. 20 [263 P. 538] ; *Wagner* v. *Shoemaker,* 29 Cal.App.2d 654, 655, 656 [85 P.2d 229].) ▮ A valid tender, made by a defendant pending plaintiff's appeal from the judgment, of the full amount of the judgment and costs to date of tender, stops interest from that moment. (*Ferrea* v. *Tubbs,* 125 Cal. 687, 689 [58 P. 308].)

▮ Although it was determined in *Lori, Ltd.* v. *Wolfe,* 85 Cal.App.2d 54 [192 P.2d 112], that the lease and the assignment under which appellants occupied the premises are valid, making appellants liable for rent under the terms of the lease, yet respondents based their action for $23,633.44 upon the reasonable value of the use and occupation of the hotel. This was a demand for an unliquidated amount and could not draw interest until the claim had been reduced to judgment. (*Stockton Morris Plan Co.* v. *Carpenter,* 18 Cal.App.2d 205, 213 [63 P.2d 859].) ▮ In view of the terms of the lease and its assignment to appellants and their faithful compliance with its terms there was no basis for the award of court costs to respondents.

It is therefore ordered that the judgments be modified by striking from each of them the award of interest and costs and as so modified they are affirmed, appellant to recover costs on appeal.

McComb, J., and Wilson, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied January 12, 1950.