[Civ. No. 21898.   Second Dist., Div. One.   June 11, 1957.]

ERNEST E. BELCHER et al., Respondents, v. ARTHUR F. WILLIAMS et al., Appellants.

616

E. O. Leake and J. J. Leake for Appellants.

Reidman, Dalessi & Shelton, W. T. Dalessi and Thomas C. Beyer for Respondents.

WHITE, P. J.—Defendants Arthur F. Williams and Corinne E. Williams appeal from a judgment that the plaintiffs Ernest E. Belcher and Louise E. Belcher are entitled to delivery of the deed executed by defendants granting to plaintiffs property known as 355 East Seaside, Long Beach, and held in escrow by the Farmers and Merchants Bank of Long Beach; that plaintiffs "are the owners" and on August 1, 1955, were entitled to possession of the property described in said deed and are entitled to be paid the rents, issues and profits of said property from August 1, 1955, to the date of trial amounting to $1,590.24 "with interest at the legal rate plus such amounts as may accrue from time of trial herein until plaintiffs are put into possession by defendants"; that defendants "are the owners" of property known as 1027 Cedar Avenue, Long Beach, and entitled to delivery of the deed therefor, together with the $12,500 and assignment of a certain oil lease deposited in the same escrow by plaintiffs; and that plaintiffs "are ordered to execute any and all necessary documents to fully effectuate this judgment...."

Appellants rely upon nine grounds for reversal stated in their opening brief as follows:

"1. The complaint does not state facts sufficient to constitute a cause of action.

"2. The alleged agreement evidenced by said escrow instructions was and is indefinite and uncertain. That said escrow instructions were insufficient to constitute an agreement, were void and incapable of specific performance.

"3. The alleged contract as evidenced by the said escrow instructions lacked mutuality of obligation and remedy, and was not specifically enforceable.

"4. The evidence was wholly insufficient to establish that the alleged contract was fair, just and equitable, or the consideration to the defendants adequate.

"5. The evidence was wholly insufficient to establish that plaintiffs performed the terms and conditions of said escrow on their part to be kept and performed.

"6. The findings of fact are wholly unsupported by the evidence.

"7. The conclusions of law are wholly unsupported by any findings of fact.

"8. The judgment is contrary to, and is wholly unsupported by the findings of fact and conclusions of law, and by the evidence.

"9. The court entirely ignored the agreement between the parties and entered a decree purporting to establish an entirely different contract than that entered into between the parties."

The first amended complaint alleges three causes of action: for specific performance of a contract to exchange properties, for declaratory relief, and for appointment of a receiver. The alleged first cause of action is in part as follows:

"IV. That on or about the 13th day of July, 1955, in the City of Long Beach, County of Los Angeles, State of California, defendants ARTHUR F. WILLIAMS and CORINNE E. WILLIAMS entered into an oral agreement with the plaintiffs herein, whereby the said defendants agreed to sell and the plaintiffs agreed to buy the 355 E. Seaside property aforesaid, together with a restaurant business and bathhouse business then owned and operated by the said defendants on the 355 E. Seaside property, including all equipment used in or in connection with the said businesses; that in consideration thereof, and in full payment therefor, the plaintiffs and said defendants did further agree that plaintiffs pay to said defendants the sum of TWELVE THOUSAND FIVE HUNDRED DOLLARS ($12,500.00) and that plaintiff convey to said defendants the 1027 Cedar property, it being further agreed by plaintiff and said defendants that possession be afforded by the grantors

to the grantees of the respective properties forthwith; and that in order to carry out the intention of the said parties, an escrow agreement was prepared by the defendant, FARMERS AND MERCHANTS BANK OF LONG BEACH, and subsequently on the date therein set forth signed by the defendants, ARTHUR F. WILLIAMS and CORINNE E. WILLIAMS and by the plaintiffs, herein; that a copy of said escrow agreement is attached hereto marked Exhibit A and incorporated herein as though set forth in full and made a part hereof; that the last named defendants and the plaintiffs did further agree to perform all things required of them at the times and in the manner in said escrow agreement set forth; that the said defendants did further promise and agree with plaintiffs to instruct the son of the plaintiffs and the plaintiffs in the operation of the restaurant business and the bathhouse business aforesaid, and for the purpose of affording such instruction to render themselves available on the 355 E. Seaside premises during the period commencing at the time of the agreement herein, and continuing until September 1st, 1955;

"V. That the consideration named in said agreement is the fair and reasonable value of the said 355 E. Seaside property.

"VI. That on or about the said 14th day of July, 1955, the plaintiffs herein did deliver to the defendant, FARMERS AND MERCHANTS BANK OF LONG BEACH all pursuant to the agreement between the parties thereto, the sum of TWELVE THOUSAND FIVE HUNDRED DOLLARS ($12,500.00), a grant deed in favor of defendants, ARTHUR F. WILLIAMS and CORINNE E. WILLIAMS of the 1027 Cedar property, Continental Northern Community Oil Lease No. 3, of record, Assignment of existing oil lease in favor of the said ARTHUR F. WILLIAMS and CORINNE E. WILLIAMS, and did perform all things required of them by the provisions of the said agreement, and did demand, in writing on the 29th day of July, 1955, and again orally on the 29th day of July, 1955 and on the 1st day of August, 1955, of defendants, ARTHUR F. WILLIAMS and CORINNE E. WILLIAMS, that the said defendants give possession to plaintiff of the 355 E. Seaside property; that on the 14th day of July, 1955, plaintiffs did cause to be delivered to defendants last named, the keys to the 1027 Cedar property and did then and there give possession of said property to said defendants, and that said defendants did then and there go into possession of same;

"VII. That the plaintiffs and each of them have performed all things required of them by the terms of the said agreement, and are not in default in any particular or at all."

A copy of the escrow instructions, admittedly signed by appellants as well as respondents, is attached to the complaint and by reference made a part of it. Those instructions read in part as follows:

''For the purpose of effecting an exchange of properties hereinafter described, we (plaintiffs) hereby instruct the FARMERS AND MERCHANTS BANK OF LONG BEACH as follows:

''I will hand you $12,500.00 and the following

''1. Grant Deed . . . (1027 Cedar Avenue)

''2. Policy of Title Insurance with liability of $15,500.00 . . .

''3. Assignment of existing oil lease . . . WHICH YOU ARE AUTHORIZED TO USE IN CONNECTION WITH THIS ESCROW and deliver same to ARTHUR F. WILLIAMS and CORINNE E. WILLIAMS on receipt of the following instruments:

''1a Grant Deed . . . (355 E. Seaside)

EXCEPTING THEREFROM all oil, gas, minerals and hydrocarbon substances as deeded to Richfield Oil Corporation.

''2a Policy of Title Insurance with liability of $28,000.00

''3a BILL OF SALE covering equipment located in bath house and bar located on premises known as 355 E. Seaside, Long Beach, California, as per inventory to be deposited in escrow approved by buyers and sellers.''

In the record on the instant appeal, no demurrer to the first amended complaint is mentioned, nor does it appear that defendants' contention that the amended complaint fails to state a cause of action was presented to the trial court by their answer, by objection to the introduction of evidence, or in any other manner before or during the trial or upon the motion for new trial.

Points 1, 2 and 3 above set forth concern the insufficiency of the complaint. ▮ ''It is the settled rule that even though a complaint is defective in some particular, if the case is tried on the theory that it is sufficient and evidence accordingly is received without objection, the unsuccessful party cannot later effectively contest the sufficiency of the pleading. (Citing cases.)'' (*McClure* v. *Donovan*, 33 Cal.2d 717, 731 [205 P.2d 17].)

Upon the instant appeal, however, appellants' points 6, 7 and 8, the insufficiency of the findings, conclusions and evidence (in addition to their points 1, 2 and 3, the insufficiency of the complaint) are in effect that, since the escrow instructions provided for a ''Bill of Sale covering equipment located in bath house and bar located on premises known as 355 E. Seaside, Long Beach, California, as per inventory to be de-

posited in escrow, approved by buyers and sellers'' and since no such inventory was deposited or approved by either buyers or sellers, there was no valid agreement between the parties.

Their argument is that ''where any term of an executory contract is left for the future agreement of the parties, it is wholly unenforceable and is void so far as being sufficient to constitute an agreement.'' In support of that argument, many decisions are cited in appellants' briefs stating the oft repeated rule that ''neither law nor equity provides a remedy for a breach of an agreement to agree in the future.'' As restated in *Ablett* v. *Clauson,* 43 Cal.2d 280, 284 [272 P.2d 753], the rule is that '' '. . . if an *essential element* is reserved for the future agreement of both parties, the promise can give rise to no legal obligation until such future agreement.' '' The law protects contracts and strives to carry into effect the reasonable intention of the parties if it can be ascertained. (*Roy* v. *Salisbury,* 21 Cal.2d 176, 184 [130 P.2d 706].) The element left for future agreement, to justify the application of the rule relied upon by appellants, must be important to the contract as a whole. The transfer of the furniture and equipment in the building on real estate which is the subject of an agreement has been held not to be essential to the enforceability of the contract in *Gittelson* v. *McKnight,* 75 Cal.App. 698, 703 [243 P. 889], and *Keelan* v. *Belmont Co.,* 73 Cal.App.2d 6, 12 [165 P.2d 930].

In the instant action, as stated by appellants in their opening brief, they deposited in the escrow ''form bill of sale covering equipment located in the bath house and bar as per inventory attached, there being no inventory attached thereto . . . and no inventory ever deposited in the escrow or approved by the buyers and sellers or either of them, and no inventory was ever taken or prepared, or submitted for approval of either of the parties to said escrow.'' The agreement was not that the goods to be so transferred should be subject to later selection or approval by the parties, but merely that an inventory of the goods already shown by appellants to respondents should be made and approved. The making and approving of an inventory is a routine matter and does not involve the exercise of independent judgment or choice. It is not an item which, if left to the future, will necessarily invalidate a contract for uncertainty, and we find no substantial evidence in the record to indicate that the taking or approving of the inventory was an essential element of the agreement now engaging our attention.

The judgment in the instant action does not award any personal property to respondents. Since they have not appealed from that portion of the judgment, whether it was error to deprive them of such equipment need not be determined. Certainly appellants were not prejudiced by the failure of the trial court to award the personal property to respondents, and it is not the province of this court in the absence of complaint of prejudice to correct unimportant and unprejudicial errors in procedure in the court below.

What we have said regarding the claimed uncertainty of the agreement applies likewise to appellants' claim that the contract lacked mutuality. At any time after the opening of the escrow, appellants were at liberty to perform their obligations under their agreement and to demand that respondents also perform. If the respondents had then made the same arguments concerning uncertainty and lack of mutuality as are now being heard from appellants, the item of furniture inventory would have been likewise relatively unimportant.

Appellants also urge that the consideration for their property agreed by them to be exchanged was not adequate and therefore the agreement cannot be specifically enforced. The adequacy of the consideration is a question of fact. There is ample evidence in the record to support the finding of the court in that respect. The court is not bound to accept *in toto* the testimony of any one witness, but may find that one witness has correctly evaluated one property and that another's appraisal of the other property is correct; or, the court may find the actual values of both properties have been erroneously stated by all witnesses, and that they are more or less than stated. Where, as in the instant action, testimony of several experts is before the court, and the values of both properties stated by them cover a wide and overlapping range, it cannot be said that the court erred in determining that one parcel of real property and the additional cash payment is adequate consideration for the other parcel of real property.

Appellants further urge that the evidence was wholly insufficient to establish that respondents performed the terms and conditions of said escrow on their part to be kept and performed. In this regard, their argument is that plaintiffs did not deposit $12,500 cash in the escrow, but that instead they placed in said escrow ''Letters of Credit issued by American Express Company.'' The evidence is that such letters of credit for $22,000 with sight draft attached were

deposited in the escrow. Over the objection of appellants, an officer of the bank which held the escrow was permitted to testify that the bank "treated" American Express Company letters of credit "exactly the same as cash," and on cross-examination the same witness admitted that the actual cash was never in the escrow and that the sight draft would have to be presented to and honored by the American Express Company before there would be any cash in the escrow.

█ American Express Company Letters of Credit with sight draft attached given in good faith and in the ordinary course of business are generally treated as cash: and where, as in the instant action, they were accepted by appellants' agent, the escrow officer, without question or notice that they would not be so considered, they must be deemed to be in compliance with the agreement to pay cash. (See *Kells* v. *Pearson*, 56 Cal.App. 502, 505 [205 P. 888]; *Albert* v. *Pearson*, 68 Cal.App. 657, 661 [229 P. 998].)

Appellants' ninth point is that the court did not enforce the contract as made, but ignored its terms regarding the inventory of personal property and the exchange of title policies for the real properties being exchanged. The provision of the agreement regarding the inventory of personal property has heretofore been discussed.

As we view the judgment herein its provisions require the performance by all parties of such acts and the execution of such documents necessary to effectuate such judgment, except that it fails to require the parties to provide each other with certificates of title insurance.

It is therefore ordered that the judgment be amended by providing therein that each of the parties shall furnish the other certificates of title insurance covering the respective properties as provided for in the escrow instructions.

As thus modified the judgment is affirmed. Each party to pay his respective costs on appeal.

Doran, J., and Fourt, J., concurred.