[Civ. No. 21201.    First Dist., Div. Three.    Nov. 1, 1963.]

JOHN U. HOHENER, Plaintiff and Apellant, v. ARTHUR B. GAUSS, Defendant and Respondent.

Fred F. Cooper for Plaintiff and Appellant.

Orr, Heuring & Wendel, John S. Cooper and Victor D. Rosen for Defendant and Respondent.

DEVINE, J.—Appellant, Hohener, gave an assignable option to purchase land which was assigned to respondent, Gauss. The option required payment of $1,200 on or before each six-month period. On April 20, 1961 and October 20, 1961, payments were due. On April 8, 1961, a $1,200 check sent by Gauss was received by Hohener. He simply held the check. On October 3, 1961, a second $1,200 check was received. Both were drawn on the San Lorenzo Branch of First Western Bank. Hohener's lawyer attempted to have the two checks certified, first at United California Bank on November 2, 1961, and later, on December 14, 1961, at the First Western Bank, both banks in Oakland. No attempt was made to have certification or payment by the San Lorenzo Branch. The manager of this bank where Dr. Gauss did business, testified that although his checking account was under $1,200, an agreement had been made with Dr. Gauss, before he left for a two-year study period in Chicago, that any overdrafts would be taken care of, because he had many times the amounts of the overdrafts in other funds. Overdrafts to other payees had been honored.

On December 18, 1961, appellant's attorney sent a letter to Gauss, which was received on January 3, 1962. The letter stated that Hohener "considers the option terminated"; that tender of payment of check where funds are insufficient is not good tender; that the checks are returned with the letter; but that $500 is offered for quitclaims from Gauss and his assignors. Gauss replied promptly, telling of his arrange-

ment with the bank at San Lorenzo, stating that the checks may be certified or cashed on presentation, and asking if counsel would like the checks returned. No reply having been made, respondent wrote again, returning the checks and reminding counsel that three earlier checks of $1,200 each had been sent.

Hohener's complaint is to quiet title against the option. The trial court found that appellant did not at the time of the delivery of the checks make objection to this method of performance, nor specify that he required any other method of tender of payment; that appellant did not present either check to the drawee, and that if he had done so, drawee would have delivered to appellant $1,200 in cash for each check. Judgment was for defendant.

■ Appellant's first point is that it was error to exclude from evidence a portion of an affidavit of appellant's counsel. (It was agreed that the affidavit form could be used, rather than oral testimony or deposition, subject, however, to all objections as to particular matters in it.) The portion ruled inadmissible is a statement by counsel that he was informed by employees of the banks to which he went requesting certification that they had been told, on telephone request to the drawee bank, that there were not sufficient funds on hand. The matter is a trifling one, because it is agreed that there was not enough in Gauss' commercial account to pay the checks if this had been the sole source to which the bank would look, and counsel's efforts at the other banks were before the court, for they are described in his letter of December 18, 1961. The question in the case is the sufficiency of the tender by Gauss, or waiver of insufficiency by act or omission, not the state of mind of Hohener.

■ The second contention is that the court erred in admitting evidence that the checks would have been honored if they had been presented to the drawee bank. Appellant argues that he was entitled to object to a check as legal tender, even if it was a good check. We find the trial judge's ruling to have been correct.

Appellant's counsel, in his letter to respondent, had objected not merely to tender by check in itself, but to tender by these particular checks which he thought, and said, were not covered by sufficient funds. It was entirely competent for respondent to show that this part of counsel's letter of rejection was in error.

■ Appellant's third point is that even after counsel's

letter of December 18, 1961, respondent did not make a tender of cash. This letter, however, was not a compliance with section 1501 of the Civil Code and section 2076 of the Code of Civil Procedure which, read together, require that a creditor who objects to the mode of an offer of performance, which the creditor has an opportunity to state, must so state it, if the objection could have been obviated by the other party, or it will be waived. The letter did not demand cash payment. ■ No tender need be made where the other [257 P.2d 458].) ■ Respondent, nevertheless, replied party repudiates the contract. (Civ. Code, §§ 1440, 1511, 1515; *Enfield* v. *Huffman Motor Co.*, 117 Cal.App.2d 800, 807 that the checks were good, and offered to return them, and, hearing nothing, wrote a second time, sending the checks and stating accurately that the drawee bank would be happy to honor them.

Appellant's fourth point is that no forfeiture was involved, that the law relating to relief from forfeiture does not apply, and that if it did, relief would not be justified. This subject, however, is not in issue by the pleadings, findings or the conclusions of law, nor does respondent seek affirmance on the ground of relief.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 30, 1963.