[Civ. No. 45089. Second Dist., Div. Four. July 15, 1975.]

WILLIAM NOYES, Plaintiff and Respondent, v.
HABITATION RESOURCES, INC., Defendant and Appellant.

## Counsel

Trope & Trope, Stephen S. Monroe and William B. Anderson for Defendant and Appellant.

Valensi & Rose and Lawrence F. Nelson, Jr., for Plaintiff and Respondent.

## Opinion

**KINGSLEY, J.**—Plaintiff sued for breach of a contract of employment. The case was settled by a stipulation for judgment and a judgment. The settlement required defendant to pay plaintiff $35,000, payable $1,000 on

or before February 8, 1974; $4,000 on or before March 8, 1974; and $1,500 per month, payable on the fifth day of each month, commencing on April 5, 1974. The stipulation and judgment expressly provided that time was of the essence; stayed execution and waived interest unless defendant defaulted, in which case execution could issue and interest would accrue from February 8, 1974, on the balance unpaid as of the date of default. The stipulation also contained a provision not carried into the judgment reading: "(Plaintiff hereby appoints Valensi and Rose as his attorneys in fact for the purpose of enforcing and/or collecting any checks in payment of the above.)" By a letter subsequent to the stipulation and judgment, plaintiff's attorneys agreed to extend the payment date for the monthly installments, beginning in April, from the fifth to the fifteenth day of each month.

The February payment was made by a cashier's check, plaintiff's counsel having requested payment in that form so that plaintiff could secure the proceeds without delay. The March payment was made, three days late, by a check drawn by a third party on a Florida bank. Difficulty and delay was encountered in ultimately collecting on it.[1] Relying on those problems, plaintiff's counsel, on March 23, 1974, advised counsel for defendant that they would require any future payments to be made either in cash or by certified check. Ignoring that demand, defendant's counsel, on April 15, 1974, after banking hours, tendered an uncertified check, again drawn by a third party on a Florida bank. The tender was refused and plaintiff, claiming a default, sought and ultimately was granted a writ of execution for the balance unpaid as of April 15, 1974.[2] Defendant has appealed from that order; we affirm.[3]

The record, containing extensive declarations on behalf of both parties, shows no significant dispute as to the facts in the case. The issue

[1]The check was not honored when it was first presented to the drawee bank in Florida and a second presentment was necessitated, resulting in further delay and expense before the plaintiff was in possession of the funds involved in the March payment.

[2]Relying on the terms of the stipulation and judgment, plaintiff secured a writ of execution on an ex parte application. Apparently, because of objections by defendant's counsel, a formal motion was made and granted. Defense counsel contended that they had not received notice of the motion; the matter ultimately was heard on May 28, 1974, resulting in orders in favor of plaintiff.

[3]The May 28th hearing was on plaintiff's motion for a writ and on defendant's motion to recall the earlier writ. The trial court ruled on both motions in favor of plaintiff. The notice of appeal by defendant refers only to the order denying his motion to recall and quash the writ. Plaintiff agrees, in his brief here, that we should treat the notice as applying to both of the May 28th orders. Pursuant to rule 1(a), California Rules of Court, we so treat it.

presented to the trial court, and to this court, is whether the tender of the third-party, out-of-town check on April 15th was timely and satisfied the stipulation and judgment. We conclude that the trial court was correct in holding that it was not.

While we have found no cases dealing with the right of a judgment creditor, as distinguished from a contract creditor, to demand payment in cash, and no cases dealing expressly with an advance notice of such a demand, we conclude that the cases and statutes dealing with routine commercial transactions are equally applicable here.

At common law, a debtor was required to pay a debt in actual legal tender (*Englander* v. *Rogers* (1871) 41 Cal. 420) though today's normal business practice has relaxed the rule to allow payment of a debt by check. (*Mefford* v. *Security Title Ins. Co.* (1962) 199 Cal.App.2d 578 [18 Cal.Rptr. 877].) But, although the tender of a check by a debtor may be good, "[a] creditor who does not wish to be paid by check must either refuse to accept it or return it to the debtor in due time" (38 Cal.Jur.2d, Payment, § 20, p. 264), even if it is the tender of a personal check. (*Rose* v. *Hecht* (1949) 94 Cal.App.2d 662, 665 [211 P.2d 347]; *Smith* v. *Lobb* (1917) 33 Cal.App. 790 [166 P. 1026].) If the creditor objects to the mode of tender, it must be on the ground that there is no lawful offer of money. (*Layton* v. *West* (1969) 271 Cal.App.2d 508 [76 Cal.Rptr. 507].)

The two statutes which control the time within which the objection to a tender must be made are Code of Civil Procedure section 2076 and Civil Code section 1501.

Civil Code section 1501 reads: "All objections to the mode of an offer of performance, which the creditor has an opportunity to state *at the time* to the person making the offer, and which could be then obviated by him, are waived by the creditor, if not then stated." (Italics added.)

Code of Civil Procedure section 2076 reads: "The person to whom a tender is made must, at the time, specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; . . ."

Both code sections refer to making the objection to a tender at the time of the tender itself.

■ The purpose of these two code sections is to allow a debtor who is willing and able to pay his debt to know what his creditor demands so that the debtor may, if he wishes, make a conforming tender. (*Thomassen* v. *Carr* (1967) 250 Cal.App.2d 341, 350 [58 Cal.Rptr. 297]; *Still* v. *Plaza Marina Commercial Corp.* (1971) 21 Cal.App.3d 378 [98 Cal.Rptr. 414].) The rule does not permit an offeree to remain silent regarding a tender and later surprise the offeror with hidden objections. (*Riverside Fence Co.* v. *Novak* (1969) 273 Cal.App.2d 656, 672 [78 Cal.Rptr. 536].) Further, the objection to the tender must be capable of being obviated by the debtor. (*Hohener* v. *Gauss* (1963) 221 Cal.App.2d 797 [34 Cal.Rptr. 656].)

■ It is clear that, had the creditor in the present instance waited until the check was actually tendered before making his objection, Code of Civil Procedure section 2076 would have permitted the objection, in fact, would have required it. The creditor, however, would have been required to give the debtor ample time within which to make his tender conform to the creditor's instructions. As the objection here came three weeks before tender was necessary and as the creditor did have a right to demand cash in satisfaction of the judgment, the advance notice given would appear to have been sufficient to fulfill the purpose behind the statute.

The only case we can find in California which had language of interest is *Belcher* v. *Williams* (1957) 151 Cal.App.2d 615 [311 P.2d 861]. One of the many issues there was whether letters of credit for an escrow deposit constituted a proper tender of funds. A representative for the bank testified that it treated them like cash, and it was found that the letters of credit (p. 622): "were accepted by appellants' agent, the escrow officer, *without question or notice that they would not be so considered,* [so] they must be deemed to be in compliance. . . ." (Italics added.)

It would appear that advance notice demanding specific tender is, although not expressly provided for, permitted by the code sections. The real concern is to allow the debtor ample time to make a conforming tender if he so chooses. The code recognizes the right to object at the time of tender; there is no doubt that an objection made sufficiently in advance also was contemplated and is equally valid.

Defendant argues that the notice was invalid because it was in conflict with the basic agreement and in conflict with prior practice. The argument is without merit. We can find in this record no such agreement. The clause of the stipulation previously quoted and on which defendant

relies, does not amount to such an agreement; it merely assures defendant that if a check is tendered *and accepted,* an endorsement by the attorneys will protect him as well as an endorsement by plaintiff himself.

Nor can defendant take comfort from the fact that the March payment was by check and not by cash or certified check. This is not a case where an established practice of tendering and accepting checks appears. Plaintiff's counsel had accepted one check and one check only; any implication that they would accept uncertified checks in the future was negated by the letter of March 23d.[4] No possible claim of estoppel can be made.

In short, defendant's counsel, in the face of the March 23d letter, took a chance that a check similar to the one tendered in March would again be accepted by plaintiff's counsel. They lost. They cannot now claim to have made a valid tender on April 15th[5] as the stipulation and judgment (as modified by the letter of plaintiff's attorneys) required.

Plaintiff has moved to dismiss the appeal as moot, contending, on declarations filed in support of the motion, that defendant has defaulted on payments due after the April payment. We postponed determination of that motion until after submission of this case on the merits. The argument is that, under those circumstances, a reversal of the orders appealed from would result only in the issuance of a new writ (although for an amount less than the one issued in May 1974, by the amount of delayed payments in the intervening months).[6] However, under the terms of the stipulation and judgment, in case of default interest accrues on the judgment from February 8, 1974, on the unpaid balance as of the date of default. It follows that it is important to defendant to determine

---

[4]"A check is not a payment, as you know. I call this to your attention because of the problem we had with the check which we accepted from your client on March 11, 1974. The check from Mode Furniture, was drawn on a Miami, Florida, bank. In the normal course, such a check would take weeks to clear; through connections, and at extra expense, we were able to cause the check to be presented for payment sooner.

"This problem was not within the contemplation of said Stipulation or said Judgment. The Judgment requires payment on the dates specified at our office. We cannot accept a check, except a certified or a cashier's check, as payment in satisfaction of the requirements of said Judgment and Stipulation."

[5]The record now before us discloses an attempt by defendant, after April 15th, to effect a tender by deposit in a bank. Since we hold that a default occurred on April 15th, any conduct thereafter, unless agreed to by plaintiff, could not cure the default.

[6]It is not contended that the payments made after April 15th were accepted other than as in partial satisfaction of the judgment.

whether the balance on April 15th, or at some later date, is the balance on which both the retroactive and future interest is to be calculated.

The motion to dismiss the appeal is denied; the orders appealed from are affirmed.

Dunn, J., concurred.

**FILES, P. J.,** Dissenting—I would reverse the orders.

In my opinion the stipulation of the parties contemplated that each installment would be paid by check, as business debts are ordinarily paid. The acceleration clause in the agreement meant that there would be no acceleration if a collectible check was delivered on the due date. The acceleration clause in the judgment should have the same meaning as the underlying agreement. The creditor's unilateral pronouncement on March 23 that he would accept only cash or a certified check was not operative to change the agreement or the judgment.

There is no dispute that the check tendered on April 15 was good. The tender was timely made and kept good by a deposit in a bank in the creditor's name. The decision of the trial court benefits only a creditor whose purpose is to vex his debtor with an acceleration and further legal proceedings in preference to collecting what is due.

A petition for a rehearing was denied August 4, 1975. Files, J., was of the opinion that the petition should be granted. Appellant's petition for a hearing by the Supreme Court was denied October 1, 1975. Mosk, J., was of the opinion that the petition should be granted.