79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MELISSA HOLDINGS, INC., (erroneously identified as
Development Partners, Inc., formerly known as Wilshire
Masterpiece, Inc., formerly known as Wilshire-Canon, Inc.,
formerly known as 338 Rodeo Corporation), a California
corporation; and Liberty Service Corporation, a California
corporation, Plaintiffs,
v.
JPL PROPERTIES, a purported California general partnership;
Lorraine Howell, an individual; Arthur G.
Lawrence, an individual; Dr. Karl H.
Sturckow, an individual, Defendants,
JPL PROPERTIES, a California general partnership; Arthur G.
Lawrence; Lorraine Howell; and Karl H. Sturckow,
Cross-Complainants-Appellants,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION (formerly known as
Resolution Trust Corporation), as Receiver for Columbia
Savings and Loan Association, 338 Rodeo Corporation,
Wilshire-Canon, Inc., Cross-Defendants,
and
Scott V. Ogilvie and Thomas Harrison, Cross-Defendants-Appellees.
MELISSA HOLDINGS, INC., (erroneously identified as
Development Partners, Inc., formerly known as Wilshire
Masterpiece, Inc., formerly known as Wilshire-Canon, Inc.,
formerly known as 338 Rodeo Corporation), a California
corporation; and Liberty Service Corporation, a California
corporation, Plaintiffs-Cross-Defendants-Appellants,
v.
JPL PROPERTIES, a purported California general partnership;
Lorraine Howell, an individual; Arthur G. Lawrence, an
individual; Dr. Karl H. Sturckow, an individual,
Defendants-Cross-Complainants-Appellees,
MELISSA HOLDINGS, INC., (erroneously identified as
Development Partners, Inc., formerly known as Wilshire
Masterpiece, Inc., formerly known as Wilshire-Canon, Inc.,
formerly known as 338 Rodeo Corporation), a California
corporation; and Liberty Service Corporation, a California
corporation, Plaintiffs,
v.
JPL PROPERTIES, a purported California general partnership;
Lorraine Howell, an individual; Arthur G.
Lawrence, an individual; Dr. Karl H.
Sturckow, an individual, Defendants,
JPL PROPERTIES, a California general partnership; Arthur G.
Lawrence; Lorraine Howell; and Karl H. Sturckow,
Cross-Complainants-Appellants,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION (formerly known as
Resolution Trust Corporation), as Receiver for Columbia
Savings and Loan Association, 338 Rodeo Corporation,
Wilshire-Canon, Inc., Development Partners, Inc., and Scott
V. Ogilvie, Cross-Defendants-Appellees.
MELISSA HOLDINGS, INC., (erroneously identified as
Development Partners, Inc., formerly known as Wilshire
Masterpiece, Inc., formerly known as Wilshire-Canon, Inc.,
formerly known as 338 Rodeo Corporation), a California
corporation; and Liberty Service Corporation, a California
corporation, Plaintiffs,
v.
JPL PROPERTIES; a purported California general partnership;
Lorraine Howell, an individual; Arthur G.
Lawrence, an individual; Dr. Karl H.
Sturckow, an individual, Defendants,
Arthur G. LAWRENCE, Cross-Complainant,
v.
JPL PROPERTIES, a California general partnership; Lorraine
Howell; Karl H. Sturckow, Cross-Complainants-Appellants,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, (formerly known as
Resolution Trust Corporation), as receiver for Columbia
Savings and Loan Association, 338 Rodeo Corporation,
Wilshire-Canon, Inc., Development Partners, Inc., and Scott
V. Ogilvie, Cross-Defendants-Appellees.
 Nos. 94-56314, 94-56419, 95-55072 and 95-55608.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1996.
Decided March 14, 1996.
 
 Before: SKOPIL, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. DIRECT APPEAL (No. 94-56314)
 
 2
 We affirm the judgment of the district court that the December 20, 1988 Agreement between JPL Properties ("JPL") and Oshman Sporting Goods, California ("Oshman") modified the sublease by deleting the requirement that the premises were for retail sales only. The agreement is not ambiguous on its face and is not subject to extrinsic interpretations which differ from the written agreement. See, e.g., Brinderson-Newberg v. Pacific Erectors, 971 F.2d 272, 278-80 (9th Cir.1992).
 
 
 3
 We affirm the judgment of the district court that the assignment of the sublease by Oshman to Development Partners, Inc. ("Development Partners") (Melissa Holdings, Inc. and Liberty Service Corporation) was valid. JPL's primary reason for its refusal to consent to the transfer was that the assignee was not a retail tenant. However, the December 20, 1988 Agreement deleted that requirement; therefore, the refusal to consent was unreasonable. The assignment occurred in 1989, therefore the applicable law was the holding in Kendall v. Ernest Pestana, Inc., 709 P.2d 837 (Cal.1985), that absent a written standard for giving or withholding consent, a commercial lease contains an implied standard that the landlord's consent may not be unreasonably withheld. The California statutes, Cal.Civ.Code §§ 1995.260 and 1995.270, were effective January 1, 1990, and therefore do not apply to the assignment in this case.
 
 
 4
 We reject JPL's argument that it had an independent right to terminate the sublease to protect its right to appreciated rental value. The lease in this case provided that any increase resulting from an assignment at an increased rental would go directly to JPL. That provision protects JPL's right to appreciated rental values, but does not grant JPL an independent right to terminate the sublease. JPL's reliance on Carma Developers v. Marathon Dev. Cal., 826 P.2d 710 (Cal.1992) is misplaced because the lease in Carma had a separate provision allowing the lessor the right to terminate the lease upon notice of a proposed assignment so that the lessor could deal directly with the new tenant. The lease in this case did not have such a provision.
 
 
 5
 We affirm the order of the district court that there is no basis for a conspiracy claim, no breach of the covenant of good faith, and no claim for interference with economic advantage. JPL was in fact "sandwiched" between Resolution Trust Company ("RTC") as leasehold owner on one side, and RTC's financially affiliated corporations as assignees of the sublease on the other side. There is no legal authority which directs that such a position, without more material evidence of bad faith or wrongdoing, is actionable by JPL.
 
 
 6
 We have examined JPL's remaining arguments and find no basis for reversing the judgment of the district court.
 
 II. CROSS-APPEAL (No. 94-56419)
 
 7
 In the cross-appeal, Development Partners argues that the district court's award of interest was in error. JPL accepted sublease rent through its banking collection agent from June 1989 to December 1989. JPL then refused the tenders of sublease rent in January and February 1990. Under California law, the tender of rent which is refused stays the running of interest. Cal.Civ.Code § 1504; Rose v. Hecht, 211 P.2d 347, 349 (Cal.1949). Therefore, the district court erred in awarding accrued interest on rent owing from January 1990 to March 1994. We remand the cross-appeal to the district court to recalculate the accounting claims.
 
 
 8
 III. RELATED APPEALS (Nos. 95-55072 and 95-55608)
 
 
 9
 We affirm the attorneys' fees award against JPL Properties and its three individual partners. Karl Sturckow, along with his partners, is jointly and severally liable under contract for the award of attorneys' fees.
 
 CONCLUSION
 
 10
 The district court's rulings challenged in the direct appeal (No. 94-56314) are AFFIRMED. The district court's award of prejudgment interest challenged in the cross-appeal (No. 94-56419) is VACATED and REMANDED for further proceedings. The award of attorneys' fees challenged in the related appeals (Nos. 95-55072 and 95-55608) is AFFIRMED.
 
 
 
 *
 This disposition is not approprate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3