Opinion
 

 BLEASE, J.
 

 This is an appeal from an order after judgment denying the motion of defendant judgment debtor Cuttle Construction Company (Cuttle) for an order to enter a satisfaction of judgment.
 

 
 *836
 
 Cuttle sent checks to plaintiffs’ counsel to defray the judgment debt. They were deposited in counsel’s bank but the bank placed a five-day hold on their payment.
 

 The trial court denied the motion on the ground the interest continued to run on the judgment during the period of the five-day hold. Cuttle contends the trial court erred because interest ceased to accrue on the day that the checks were delivered.
 

 The contention has merit and we will direct the entry of a satisfaction of the judgment.
 

 Facts and Procedural Background
 

 After an unsuccessful appeal of the judgment in favor of the plaintiffs, Michael and Sandra Long, Cuttle sent checks, aggregating $1,859,564.10, to the Longs’ attorney. He received the checks on October 17, 1995. He deposited them at his bank in his client trust account. The bank informed him that because of the size of the checks there would be a five-day hold placed on them.
 

 Thereafter, Cuttle demanded, pursuant to Code of Civil Procedure section 724.050, that the Longs acknowledge satisfaction of the judgment. They did not comply with the demand. Cuttle moved for an order directing the clerk to enter satisfaction of the judgment.
 

 The Longs opposed the motion on the ground that under California Uniform Commercial Code section 3310 the judgment debt was not paid until the checks were cleared for payment by the bank and that interest on the judgment continued to accrue until that time. They reasoned that the judgment was not satisfied until the interim interest, amounting to $5,661.79, was paid.
 

 The trial court denied the motion for the reasons tendered by the Longs.
 

 Discussion
 

 Cuttle contends the trial court erred in concluding that interest continued to run on the judgment after the date the checks were delivered to the Longs.
 

 Cuttle submits that the matter is governed by Califonia Uniform Commercial Code section 3310 (hereafter section 3310, fh. 2,
 
 post).
 
 Cuttle argues
 
 *837
 
 that under section 3310, once the check is honored, the underlying obligation should be considered discharged as of the time the check was received by the creditor.
 

 The Longs agree that section 3310 applies; however, they argue that interest continues to accrue until the judgment debt is discharged, i.e., during the period that the obligation is suspended pending payment of the check.
 

 Cuttle has the more persuasive position.
 

 Numerous interrelated statutes bear on the question. “Interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied.” (Code Civ. Proc., § 685.010.) “If a money judgment is satisfied in full other than pursuant to a writ under this title, interest ceases to accrue on the date the judgment is satisfied in full.” (Code Civ. Proc., § 685.030, subd. (b).) “A money judgment may be satisfied by payment of the full amount required to satisfy the judgment. . . .” (Code Civ. Proc., § 724.010, subd. (a).) The question is: When does “payment” occur in a transaction where the creditor accepts a check?
 
 [1]
 

 “Performance of an obligation for the delivery of money only, is called payment.” (Civ. Code, § 1478.) Payment to a judgment creditor is governed by the cases and statutes which govern commercial transactions. (See
 
 Noyes
 
 v.
 
 Habitation Resources, Inc.
 
 (1975) 49 Cal.App.3d 910, 913 [123 Cal.Rptr. 261, 82 A.L.R.3d 1192].) Like a contract creditor, a judgment creditor may demand payment in cash.
 
 (Ibid.)
 
 If there is no objection to the form of tender, and the judgment creditor accepts a check, the determination of the time of payment is governed by the rules pertaining to commercial transactions generally. (See
 
 Ibid.)
 

 It has long been the rule as to such transactions that “. . . once the check is paid, the payment of the underlying debt which was theretofore conditional becomes absolute and relates back to the date of the delivery of the check [Citations].”
 
 (Navrides
 
 v.
 
 Zurich Ins. Co.
 
 (1971) 5 Cal.3d 698, 706 [97 Cal.Rptr. 309, 488 P.2d 637, 49 A.L.R.3d 828].)
 

 
 *838
 
 The Longs argue that this rule is precluded by section 3310.
 
 [2]
 
 They submit that it is inconsistent with the provision that the effect of the check is only to suspend the underlying obligation, not to discharge it. We disagree. The rule regarding the suspension of an obligation does not pertain to the interim accrual of interest. Its purpose is to allow the creditor the option, on dishonor of the instrument, to sue either on the instrument or the underlying obligation. (See 2 West’s U. Laws Ann. (1991) U.C.C. (rev. art. 3) § 3-310, Official Com., subd. 3, p. 84.)
 

 Contrary to the Longs’ claim, the rule of relation back of payment is supported by the text of section 3310. Subdivision (b)(1) provides that if an uncertified check is taken for the obligation, the obligation is suspended “to the [same] extent” as if payment were made in money. Under the statutes related above, if payment were made in money, interest would cease to accrue. Under section 3310, subsequent payment of the check results in discharge of the obligation. No interest accrues during the suspension of the obligation, which extends until the point of discharge. Hence, no further interest is due and the discharge relates back to the time of acceptance of the check. (Also see generally, Civ. Code, § 1504, an offer of payment stops the running of interest.)
 

 Disposition
 

 The order denying Cuttle’s motion is reversed; the trial court is directed to order the court clerk to enter satisfaction of the judgment. Cuttle shall recover its costs of this appeal.
 

 Puglia, P. J., and Scotland, J., concurred.
 

 Respondents’ petition for review by the Supreme Court was denied April 15, 1998.
 

 [1]
 

 The time of payment need not be the same as the time the judgment creditor is obliged to give an acknowledgment of the satisfaction of judgment. “Where a money judgment is satisfied by payment to the judgment creditor by check or other form of noncash payment that is to be honored upon presentation by the judgment creditor for payment, the obligation of the judgment creditor to give or file an acknowledgment of satisfaction of judgment arises only when the check or other form of noncash payment has actually been honored upon presentation for payment.” (Code Civ. Proc., § 724.010, subd. (c).)
 

 [2]
 

 Section 3310, in pertinent part, is as follows.
 

 “(a) Unless otherwise agreed, if a certified check, cashier’s check, or teller’s check is taken for an obligation, the obligation is discharged to the same extent discharge would result if an amount of money equal to the amount of the instrument were taken in payment of the obligation. Discharge of the obligation does not affect any liability that the obligor may have as an indorser of the instrument.
 

 “(b) Unless otherwise agreed and except as provided in subdivision (a), if a note or an uncertified check is taken for an obligation, the obligation is suspended to the same extent the obligation would be discharged if an amount of money equal to the amount of the instrument were taken, and the following rules apply:
 

 “(1) In the case of an uncertified check, suspension of the obligation continues until dishonor of the check or until it is paid or certified. Payment or certification of the check results in discharge of the obligation to the extent of the amount of the check.”